Peter W. Billings, A0330
Philip D. Dracht, A11561
FABIAN & CLENDENIN, P.C.
215 South State Street, Ste. 1200
Salt Lake City, UT 84111
Tel: (801) 596-2814
Fax: (801) 596-2814
E-mail: pbillings@fabianlaw.com
pdracht@fabianlaw.com

Attorney for Defendants Stuart T. Matheson; Matheson, Mortensen, Olsen & Jeppson, P.C., ReconTrust Company, N.A.; BAC Home Loans Servicing LP[1]; and Bank of America, N.A.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RICHARD DUTCHER and GWEN DUTCHER, RICHARD FERGUSON and MICHELLE FERGUSON; and CATHERINE RICHARDS AHLERS, on their own behalf and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>STUART T. MATHESON; MATHESON, MORTENSEN, OLSEN & JEPPSON, P.C., RECONTRUST COMPANY, N.A.; BAC HOME LOANS SERVICING LP; and BANK OF AMERICA, N.A.<br><br>Defendants | Case No.: 2:11-cv-00666-BSJ<br><br>**DEFENDANTS' NOTICE OF REMOVAL (ORIGINAL JURISDICTION)** |

---

[1] Bank of America, N.A. is successor by merger to BAC Home Loans Servicing, LP (f/k/a Countrywide Home Loans Servicing, LP), effective July 1, 2011. A motion to substitute the real party in interest is forthcoming.

Defendants Stuart T. Matheson; Matheson, Mortensen, Olsen & Jeppson, P.C., ReconTrust Company, N.A.; BAC Home Loans Servicing LP; and Bank of America, N.A. (collectively "Defendants"), by counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), hereby notice their removal of this civil action from the Third Judicial District Court, West Jordan Department, in and for Salt Lake County, State of Utah to the United States District Court for the District of Utah, Central Division. In support of its notice of removal, Defendants state as follows:

## I. STATEMENT OF FACTS

1. On June 24, 2011, Plaintiffs Richard Dutcher, Gwen Dutcher, Richard Ferguson, Michelle Ferguson, and Catherine Richards Ahlers (collectively, "Plaintiffs") filed a Complaint, styled as a putative class action, in the Third Judicial District Court, West Jordan Department, in and for Salt Lake County, State of Utah against the above-named Defendants based on events related to parcels of property located in Mapleton, Utah, Salt Lake City, Utah, and Park City, Utah.

2. Removal of this Complaint is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days after Defendants received a copy of the Summons and Complaint, the initial pleading setting forth the claims for relief upon which this removal is based. BAC Home Loans Servicing LP and Bank of America, N.A., were purportedly served on July 15, 2011. Stuart T. Matheson ("Matheson") and Matheson, Mortensen, Olsen & Jeppson, P.C. ("MMOJ"), were purportedly served on July 14, 2011. Upon information and belief, ReconTrust Company, N.A., has not been served. Defendants do not waive service, and specifically reserve all defenses based on improper or lack of service.

2

3. The United States District Court for the District of Utah, Central Division, has jurisdiction over Salt Lake County, in which the state court action is now pending, and is therefore a proper venue for this action.

4. No previous application has been made for this relief.

5. In accordance with 28 U.S.C. § 1446(a), a copy of "all process, pleadings, and orders" received by Defendants are attached hereto as follows:

   a. **Exhibit A** – Complaint;

   b. **Exhibit B** – Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction;

   c. **Exhibit C** – Memorandum of Points and Authorities in Support of Application for Temporary Restraining Order and Motion for Preliminary Injunction;

   d. **Exhibit D** – Affidavit of Jenny Prince in Support of Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction;

   e. **Exhibit E** – Plaintiff's Motion for Class Certification; and

   f. **Exhibit F** -- Memorandum of Points and Authorities in Support of Plaintiff's Motion for Class Certification.

6. In accordance with 28 U.S.C. § 1446(d), Defendants will provide a copy of this Notice of Removal to the clerk of the Third Judicial District Court In and For Salt Lake County, State of Utah.

7. In accordance with 28 U.S.C. § 1446(d), Defendants will serve written notice of the filing of this Notice of Removal upon Plaintiffs through their attorney of record.

8. In filing this Notice of Removal, Defendants do not waive any, and specifically reserve all defenses, exceptions, rights, and motions. No statement or omission in this Notice shall be deemed an admission of any of allegations of or damages sought in the Complaint.

9. As more fully set forth below, this case is properly removed to this Court because this Court has original diversity jurisdiction over this action pursuant to the Class Action Fairness Act 28 U.S.C. § 1332, 1453 (2010) ("CAFA"), as well as diversity jurisdiction under 28 U.S.C. § 1332.

## II. GROUNDS FOR REMOVAL UNDER CAFA

10. As set forth below, based on the allegations in Plaintiffs' Complaint, this Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), because: (1) the putative class consists of at least 100 proposed class members; (2) the citizenship of at least one putative class member is different from that of at least any one of the Defendants; and (3) the aggregate amount placed in controversy by the claims of Plaintiffs and the putative class members exceeds $5,000,000.00, exclusive of interest and costs.

**A. The Putative Class Consists of at Least 100 Proposed Class Members.**

11. Plaintiffs purport to bring this action both on behalf of themselves and "others similarly situated" who allegedly had a mortgage loan "subjected to the actions of Matheson, MMOJ, and other defendants in non-judicial foreclosure proceedings instituted by ReconTrust, BAC, or Bank of America, as the purported trustee, in violation of Utah Code Ann. § 57-1-20 et seq.," between January 1, 2001 through the present and continuing through the pendency of this action. Compl. ¶ 55.

12. On the face of the Complaint, Plaintiffs allege that, "Plaintiffs are unable to state the exact number of putative class without discovery of Defendants' records. However, Plaintiffs are informed and believe, and thereon allege, that the class exceeds 10,000 members." Compl. ¶ 57. Plaintiffs further allege that, "[t]he proposed class is so numerous as to make joinder of all its members impracticable." Compl. ¶ 58.

13. Accordingly, the aggregate number of class members in Plaintiffs' proposed class is at least 100 for purposes of satisfying 28 U.S.C. § 1332(d)(5)(B). *See Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1213 n.63 (11th Cir. 2007) (noting that "a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements").

### B. The Citizenship of at Least One Putative Class Member is Different From that of at Least Any One of the Defendants.

14. Minimal diversity of citizenship exists between Defendants and the proposed class as contemplated by CAFA, 28 U.S.C. § 1332(d)(2)(A).

15. As noted above, Plaintiffs purport to bring this action on behalf of themselves and "a class of all others persons similarly situated." Compl. ¶ 55.

16. Since the filing of the Complaint, Bank of America, N.A. was, and is, at the present time, a national bank with its principal place of business and main office, as listed in its Articles of Association, in Charlotte, North Carolina. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its

main office, as set forth in its articles of association, is located."). Accordingly, Bank of America is a citizen of the state of North Carolina.

17. Named Plaintiffs allege that they reside in and are citizens of the state of Utah. *See* Compl. ¶¶ 2-4. Named Plaintiffs sue both individually and as representatives of a purported class. *See* Compl. ¶ 55.

18. Because named Plaintiffs are all citizens of the state of Utah, and defendant Bank of America, N.A., is a citizen of the state of North Carolina, the citizenship of at least one putative class member is different from the citizenship of at least one of the Defendants satisfying 28 U.S.C. § 1332(d)(2)(A).[2]

C. **The Aggregate Amount In Controversy Exceeds $5,000,000.00, Exclusive of Interest and Costs.**

19. Under CAFA, the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.00. *See* 28 U.S.C. § 1332(d)(6). Plaintiffs' putative class claims meet the jurisdictional threshold.

20. Plaintiffs allege that they and each putative member of the class are entitled to "$2,000 or actual damages whichever is greater . . ." pursuant to Count I (Violation of Utah Code Ann. § 57-1-23.5). Compl. ¶ 80.

---

[2] Moreover, since the filing of the Complaint, ReconTrust Company, N.A. was and is, at the present time, pursuant to its Amended Articles of Association, a national association with its principal place of business in the state of California. *See Wachovia Bank*, 546 U.S. at 307. Accordingly, ReconTrust Company, N.A. is a citizen of the state of California thereby satisfying the minimal diversity requirement under the CAFA.

21. Plaintiffs allege that they and each putative member of the class are entitled to "compensatory damages in the amount of the property . . . converted by Defendants, incidental damages, and . . . punitive damages" pursuant to Count III (Conversion). Compl. ¶ 96.

22. Plaintiffs allege that they and each putative member of the class are entitled to "$10,000 or for treble actual damages, whichever is greater . . ." pursuant to Count IV (Wrongful Lien). Compl. ¶ 109.

23. Plaintiffs allege that they and each putative member of the class are entitled to punitive damages pursuant to Counts V (Wrongful Foreclosure) and VI (Intentional Infliction of Emotional Distress). *See* Compl. ¶¶ 113, 127.

24. The $5,000,000.00 amount in controversy threshold is easily satisfied by considering (1) Plaintiffs' allegation "that the class exceeds 10,000 members" (Compl. ¶ 57); and that (2) Plaintiffs expressly seek a minimum of $12,000.00 per class member pursuant to Counts I and IV. Compl. ¶¶ 80, 109. In the aggregate, solely between Counts I and IV, Plaintiffs seek $120,000,000.00 which exceeds the jurisdictional minimum 24 times over. Accordingly, the jurisdictional minimum is met based on the demand in Counts I and IV alone.

25. Moreover, Plaintiffs allege that they and each putative member of the class are entitled to "compensatory damages in the amount of the property . . . converted by Defendants . . . ." Compl. ¶ 96. Given "that the class exceeds 10,000 members" (Compl. ¶ 57), this amount far exceeds the jurisdictional minimum and could potentially reach in the hundreds of millions of dollars.

26. This analysis does not include the cost of any injunctive relief, potential compensatory damages, incidental damages, punitive damages, or attorneys' fees – each of

which Plaintiffs requested in their Complaint. While, as here, Plaintiffs fail to specify a monetary amount, "[a] plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also McPhail*, 529 F.3d at 956 (finding that damages determination may be made by "'reading the face of the complaint' even though it did 'not specify the numerical value of the damage claim.'") (citation omitted). Accordingly, the amount in controversy exceeds $5,000,000.00 and satisfies 28 U.S.C. § 1332(d)(6).

27. CAFA's legislative history makes clear that doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, S. Rep. 109-14, reprinted in 2005 WL 627977, at *43 (stating that "[o]verall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions"); *accord Evans v. Walter Industries*, 449 F.3d 1159, 1164 (11th Cir. 2006) (noting that "[t]he language and structure of CAFA itself indicates that Congress contemplated broad federal court jurisdiction").

28. In sum, because the putative class is larger than 100 members, there is minimal diversity between the parties, and the $5,000,000.00 amount in controversy requirement is satisfied, this case is properly removed to this Court pursuant to CAFA, 28 U.S.C. §§ 1332(d), 1453.

### III. GROUNDS FOR REMOVAL BASED ON DIVERSITY JURISDICTION

29. In the alternative, the United States District Court for the District of Utah, Central Division, has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the Plaintiffs and each of the properly named Defendants are each completely diverse and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a) (2010).

**A.  Complete Diversity of Citizenship Exists.**

30. Diversity of citizenship requires that each plaintiff be a citizen of a different state from each defendant. *See Salt Lake Tribune Pub. Co., LLC v. AT&T Corporation*, 320 F.3d 1081, 1096 (10th Cir. 2003). Citizenship, in the context of legal entities, is generally determined by where the entity is incorporated, registered, or has its principal place of business. *See* 28 U.S.C. § 1332(c) (2010); *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1245 (10th Cir. 2009).

**(1)  All "real and substantial" defendants are citizens of different states from the Plaintiffs.**

31. BAC Home Loans Servicing, LP is, at the present time, not in existence. On July 1, 2011, BAC Home Loans Servicing, LP, merged with and into Bank of America, N.A., with Bank of America, N.A. as the surviving entity.

32. Since the filing of the Complaint, Bank of America, N.A. was, and is, at the present time, a national bank with its principal place of business and main office, as listed in its Articles of Association, in Charlotte, North Carolina. Accordingly, Bank of America is a citizen of the state of North Carolina.

33. Since the filing of the Complaint, ReconTrust was and is, at the present time, pursuant to its Amended Articles of Association, a national association with its principal place of

business in the state of California. Accordingly, ReconTrust is a citizen of the state of California.

### (2) **Stewart T. Matheson and Matheson, Mortensen, Olsen & Jeppson, P.C. are fraudulently joined only to destroy diversity.**

34. Only the citizenship of "real and substantial parties" is considered in determining whether diversity jurisdiction exists. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980). Thus, "a federal court must disregard nominal or formal parties" and rest jurisdiction only upon the citizenship of "real and substantial parties to the controversy." *Id.* Among "those [who] are not real and substantial parties are parties who have no control of, impact on, or stake in this controversy." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 92 (2005). This reasoning "sensibly bars state-court plaintiffs from tactically naming non-diverse defendants solely in order to prevent the real and substantial defendant or defendants from exercising their statutory removal right." *Lloyd v. Travelers Property Cas. Ins. Co.*, 699 F. Supp. 2d 812, 816 (E.D. Va. 2010).

35. "The joinder of a resident defendant against whom no cause of action is stated is patent sham . . . and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists." *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (citing *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)); *see also Farias v. Bexar County Bd. Of Trustees*, 925 F.2d 866, 871 (5th Cir. 1970) (holding that a party is nominal or formal if there is no likely possibility that the plaintiff would be able to establish a cause of action against the party in state court); *Mallalieu-Golder Ins. Agency, Inc. v. Executive Risk Indemnity, Inc.*, 254 F. Supp. 2d 521, 525 (M.D. Pa. 2003) (holding that a party is nominal or formal if the plaintiff fails to state a plausible claim for relief against the party); *Blue Mako,*

*Inc, v. Minidis*, 472 F. Supp. 2d 690, 696 (M.D.N.C. 2006) (same); *Allen v. Monsanto Co.*, 396 F. Supp. 2d 728, 732 (S.D.W. Va. 2005) (same); *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 834 (8th Cir. 2002) (same).

36. A court "must make its [fraudulent joinder] determination by looking at the allegations contained in the complaint as it existed at the time of removal." *Jackson v. Philip Morris, Inc.*, 46 F. Supp. 2d 1217, 1221 (D. Utah 1998) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

37. Matheson and MMOJ are merely nominal parties who are not real and substantial parties to this controversy for four reasons. First, Plaintiffs' entire Complaint, as against Matheson and MMOJ, is based on Plaintiffs' erroneous legal theory that ReconTrust Company, N.A. cannot serve as trustee, and, therefore, Matheson and MMOJ did not and do not have the power to cry the foreclosure sale on ReconTrust's behalf. *See* Compl. ¶¶ 14-22. Contrary to Plaintiffs' theory, ReconTrust *does* have authority to conduct foreclosures in Utah because it is a federally chartered national banking association that operates under the National Bank Act ("NBA"), 12 U.S.C. §§ 21 to 216d, and is regulated by the Office of the Comptroller of the Currency (the "OCC"). Under the NBA and OCC regulations that implement 12 U.S.C. § 92a (trust powers), ReconTrust can exercise the power of sale in Utah because ReconTrust's foreclosure activities are not governed or limited by Utah law. The OCC regulations provide that the controlling "State" law governing ReconTrust's foreclosure activities is "the state in which the bank *acts in a fiduciary capacity* for that relationship." 12 C.F.R. § 9.7(d) (emphasis added). Accordingly, ReconTrust "acts in a fiduciary capacity" "in the state in which it accepts the fiduciary appointment, executes the documents that create the fiduciary relationship, and makes

discretionary decisions regarding the investment or distribution of fiduciary assets." *Id*. To the extent these activities take place in more than one state, "then the state in which the bank acts in a fiduciary capacity for section 92a purposes is the state that *the bank designates* from among those states." *Id.* (emphasis added). Here, nothing in Plaintiffs' Complaint indicates that Utah is where ReconTrust accepted its fiduciary appointment, executed documents creating the fiduciary relationship, or made discretionary decisions. Also, Plaintiffs do not and cannot argue that ReconTrust has any offices in Utah. Indeed, Rather the "State" for purposes of § 92a and the OCC's implementing regulations is the State of Texas, not Utah. *See* Articles of Association. ReconTrust's Articles of Association are attached hereto as **Exhibit G**. Therefore, the laws of the State of Texas give ReconTrust the power of sale. *See* TEX. FIN. CODE ANN. §§ 32.001, 182.001; TEX. PROP. CODE ANN. §§ 51.0001, 51.0074. As such, Plaintiff's attempt to apply Utah law to ReconTrust on this issue is preempted, and ReconTrust has the authority to foreclose in Utah. This Court should decline to declare the opposite and erroneous conclusion submitted by Plaintiffs. Accordingly, because Plaintiffs' entire Complaint as to Matheson and MMOJ is premised on an erroneous legal theory, there is no likely possibility that Plaintiffs would be able to establish a cause of action against them.

38. Second, both Matheson and MMOJ are immune from suit because, as alleged in the Complaint, both were acting as ReconTrust's attorney and, absent fraud (which Plaintiffs do not allege), do not have any liability to third persons for their actions. *Oxendine v. Overturf*, 1999 UT 4, 973 P.2d 417, 421 (Utah 1999) (citing *National Sav. Bank v. Ward*, 100 U.S. 195, 205-06, 25 L. Ed. 621 (1880)); *see also Tappen v. Ager*, 599 F.2d 376, 378 (10th Cir. 1979); *Garcia v. Rodey, Dickason, Sloan, Akin & Robb*, 106 N.M. 757, 750 P.2d 118 (N.M. 1988);

*Hoppe v. Klapperich*, 224 Minn. 224, 241 (Minn. 1947) ("In the performance of his duties to his client, an attorney enjoys immunity from liability to a third person insofar as he does not materially depart from his character as a quasi-judicial officer charged with responsibility for the administration of justice.").

39. Third, Plaintiffs fail to allege any private right of action to enforce the state statutes under which they bring suit. Absent express language in the statute, Utah courts are reluctant to recognize an implied right. *See Machan v. UNUM Life Ins. Co. of Am.*, 116 P.3d 342, 347-48 (Utah 2005).

40. Fourth, Matheson's and MMOJ's roles were merely of agents and both lack any independent authority or control over the decision to conduct the sale. The ploy of joining a defendant's non-diverse agent to a complaint in an attempt to defeat federal jurisdiction, even though the agent acted as nothing more than an individual appointed to perform ministerial tasks, is both familiar and unavailing. In such cases, courts routinely find the joinder of the agent to be fraudulent and deny remand. *See Vu v. Ortho-McNeil Pharm. Inc.*, 602 F. Supp. 2d 1151, 1154-55 (N.D. Cal. 2009).

41. Accordingly, Matheson and MMOJ are nominal parties to this action and their citizenship is immaterial to this Court's subject-matter jurisdiction under 28 U.S.C. § 1332. *See Roche*, 546 U.S. at 92 (2005); *Navarro Sav. Ass'n*, 446 U.S. at 460 (1980).

42. Because Matheson and MMOJ are not considered for purposes of removal, only the citizenship of the Plaintiffs and the remaining Defendants is relevant for determining whether this Court has subject-matter jurisdiction under 28 U.S.C. § 1332. As previously stated and as acknowledged in the Complaint, Plaintiffs are citizens of Utah, and each of the real and

substantial Defendants is not. Thus, there exists complete diversity of citizenship between Plaintiffs and Defendants.

**B.** **The Amount in Controversy is Satisfied.**

43. While Plaintiffs fail to specify a monetary amount, "[a] plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount." *McPhail*, 529 F.3d at 955. *See supra* ¶ 26. In the present case, it is facially apparent based on the allegations in the Complaint that the amount in controversy requirement is satisfied because Plaintiffs seek damages against multiple Defendants seeking punitive and compensatory damages on six different claims. *See* Compl. ¶¶ 71-127. Accordingly, it is apparent that the damages claimed by the Plaintiff, if proven, will exceed $75,000.00.

### IV.   ALL DEFENDANTS CONSENT TO REMOVAL

44. This Notice of Removal is filed on behalf of all the above-named Defendants.

### V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this action be, and is hereby, removed to this Court, that this Court assume jurisdiction of this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

DATED: July 19, 2011                    Respectfully submitted,


                                        *s/ Philip D. Dracht*
                                        Philip D. Dracht, #11561
                                        FABIAN & CLENDENIN, P.C.

                                        *Attorney for Defendants Countrywide Bank, N.A., d/b/a Bank of America Corporation, BAC Home Loans Servicing, L.P., Mortgage Electronic Registration Systems, Inc., Bank of New York Mellon FKA The Bank of New York as Trustees for the Certificate Holders CWALT Alternative Loan Trust 2007-0A6, Mortgage Pass Through Certificates, Series 2007-0A6, ReconTrust Company, N.A., and Stuart T. Matheson*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 19, 2011, the foregoing was filed with the Clerk of the Court via email at newcases@cod.uscourts.gov and uploaded to ECF and electronically served on all parties represented by counsel.



                                        *s/Philip D. Dracht*