Marcus R. Mumford (12737)
Abraham C. Bates (12440)
Tyson B. Snow (10747)
**MUMFORD RAWSON & BATES, LLC**
15 West South Temple, Suite 1000
Salt Lake City, Utah 84101
Phone: 801-428-2000
Fax: 801-662-0082
mrm@m2rb.com
abe.bates@m2rb.com
tyson.snow@m2rb.com

*Attorneys for Plaintiffs*

---

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

---

| | |
|---|---|
| RICHARD DUTCHER and GWEN DUTCHER, and RICHARD FERGUSON and MICHELLE FERGUSON, on their own behalf and on behalf of a class of similarly situated persons, Plaintiffs, <br><br>         v. <br><br> RECONTRUST COMPANY, N.A.; BAC HOME LOANS SERVICING LP, and BANK OF AMERICA, N.A., Defendants. | **FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> Case No. 2:11-cv-00666-TS <br><br> Judge Ted Stewart <br><br><br> **JURY TRIAL DEMANDED** |

---

Plaintiffs Richard and Gwen Dutcher, and Richard and Michelle Ferguson, (hereinafter collectively referred to as "Plaintiffs"), on their own behalf and on behalf of a class of similarly situated persons described below, by and through their counsel Mumford Rawson & Bates LLC, bring this Amended Class Action Complaint against Defendants ReconTrust Company, N.A., BAC Home Loans Servicing, LP, and Bank of America, N.A. (collectively "Defendants"), as follows:

1

**<u>STATEMENT OF THE CASE</u>**

1. This is a dispute regarding the qualifications of Defendant ReconTrust to act in the capacity as a properly qualified foreclosure trustee pursuant to U.C.A. § 57-1, subsections 21, 22 and 23.5(2) (Supp. 2011), in foreclosing on Utah homeowners.  Defendant Bank of America has for years, and continues, to willfully violate the laws of the state of Utah governing the non-judicial foreclosure of real property located within the state.  In doing so, Defendants appear to take the position that the laws of the state of Texas govern its trust activities.  But this position is contrary to the time-honored law holding that the rights and powers of a trustee depend on the nature of the trust, its validity and enforceability, the terms of the trust instrument, and the purpose and object for with the trust was created.  In other words, the authority of a trustee in the management of his or her trust is governed by the statutes of the state in which the trust relationship was created, the instrument creating the trust, and common-law rules governing trusts and trustees.[1]  Any unusual power in a trustee must be explicitly conferred and a grant of power to a trustee is strictly construed against the extension of such power.

2. Defendants are foreclosing on trust deed instruments created in Utah that repeatedly and expressly recite to trust activities to be conducted in Utah.  Purported Trustees are appointed and substituted by the recording of instruments in Utah, and all other legally effective activity related to the non-judicial foreclosure of Plaintiffs' properties was conducted – as required by Utah law – by recording instruments and notices as defined in the trust deeds in the offices of the local county recorder in Utah, where the real property is situated.

3. The law of real property has been a matter of state prerogative for centuries.  Local recording statutes pre-date the enactment of both the United States Constitution and the Bill of Rights.  Non-judicial foreclosure is a privilege which must be exercised carefully and in strict

---

[1] 90A C.J.S. Trusts § 323.

compliance with state statute, given the absence of supervision by the courts.  Neither Bank of America nor its wholly-owned subsidiary ReconTrust should be permitted to hide behind their federal charters, selecting the state law which they find most convenient and efficient to conduct trust activities related to real property, in express efforts to avoid the costs of compliance with the laws of the state in which they liquidate trust deed assets.

4.  The plain language of U.C.A. §§ 57-1-21, -22, and -23.5 and 12 U.S.C. § 92(a) require that Defendants must comply with the Utah law when the trust activities in question are conducted within this state.  The State in which Defendants are chartered is of no moment, because the charter is a separate exercise of fiduciary power independent of the thousands of separate exercises of (limited) fiduciary trust powers at issue here – where ReconTrust is foreclosing as the purported trustee against Plaintiffs' real property located in Utah.   The fiduciary/trust powers at issue in this case are exercised pursuant to the trust deeds executed and recorded against the real property in question – not based upon ReconTrust's charter in the state of Texas.  The fact that ReconTrust performed ministerial acts in Texas in preparation for its trust activities in Utah is not controlling as to its "location," as such efforts are completely ineffective as a matter of law to exercise the "power of sale" on the trust properties in Utah that are the subject of this case.  The trust activities are effective only when the documents are recorded in the state of Utah in the offices of the county recorder where the real property is located.

## PARTIES

5.  Plaintiffs Richard and Gwen Dutcher (the "Dutchers") are citizens of Utah, who reside at 675 East 1400 North, Mapleton, Utah 84664.  The Dutchers owned their home until June 14, 2011, when Defendants illegally foreclosed and took title to the property.

6.  Plaintiffs Richard and Michelle Ferguson ("Fergusons") are citizens of Utah, who reside at 4452 South 5729 West, Salt Lake City, Utah 84128.  The Fergusons owned their home until

May 24, 2011, when Defendants illegally foreclosed and took title to the property.

7. Defendant Bank of America, N. A. ("Bank of America" of "BofA"), is a Delaware company, headquartered in Charlotte, North Carolina, and at all times relevant herein was doing business in the state of Utah.

8. Defendant BAC Home Loans Servicing LP ("BAC HLS") was a wholly-owned subsidiary of BofA, based in Calabasas, California, which serviced 14 million, or 1 in 5 of all US mortgages, until it became a defunct entity by merger with parent BofA as of July 1, 2011 after the filing of Plaintiffs' original Complaint. BAC HLS was, at all times relevant herein, doing business in the state of Utah.

9. Defendant ReconTrust Company, N.A. ("ReconTrust") was incorporated in the state of Delaware in 2010 by Defendant BofA as a wholly-owned subsidiary and private Trust Service Company, with its principal headquarters in Richardson, Texas. ReconTrust at all times relevant herein was doing business and conducting trust activities in the state of Utah. BofA, BAC HLS, and ReconTrust are hereinafter collectively referred to as the "BofA Defendants."

**JURISDICTION AND VENUE**

8. Plaintiffs originally filed in Utah state court pursuant to U.C.A. § 78A-5-102. Defendants removed pursuant to 28 U.S.C. § 1332. Plaintiffs are seeking, among other things, Declaratory Judgment related to Utah's non-judicial foreclosure statute, U.C.A. §§ 57-1-et seq.

9. Venue is proper in Salt Lake County pursuant to U.C.A. § 78B-3-301 because the real properties at issue are located in Utah and Salt Lake Counties.

**GENERAL ALLEGATIONS**

10. Beginning in 2001, the Utah legislature enacted legislation to respond to a growing problem in the state: trustees on trust deeds in Utah were sending notices of default and trustee's sales to homeowners, and threatening non-judicial foreclosure, without giving homeowners any real

opportunity to resolve the issues presented by those notices with an actual person on the other side.  To address this problem, the legislature enacted a statutory regimen restricting the "powers of sale" under the state's non-judicial foreclosure process to authorized "trustees" who have an office in the state, and with whom homeowners could meet with face-to-face.  The legislative intent of the Utah law is set forth in *Kleinsmith v. Shurtleff*, 571 F.3d 1033, 1036-37 (10th Cir. 2009), which is incorporated herein by reference.

11. In particular, Utah law provides that only "qualified" trustees, appointed as such, are given "the power of sale" and further, in addition to the normal limitations on trustees in general, as outlined at Utah Code Ann. § 57-1-21.5, only "qualified" trustees are authorized to carry out certain specific statutorily mandated processes such as the filing of a notice of default and the delivering of the notice of sale as provided in §§ 57-1-25 and 57-1-26.

12. Consistent with the intent of the legislature, Utah law requires that trustees be, *inter alia*: an active member of the Utah State Bar who maintains a bona fide office within the state, or a title insurance company with a bona fide office in the state, where the trustor or homeowner may meet with the trustee to:

(A) request information about what is required to reinstate or payoff the obligation secured by the trust deed;

(B) deliver written communications to the lender as required by both the trust deed and by law;

(C) deliver funds to reinstate or payoff the loan secured by the trust deed; or

(D) deliver funds by a bidder at a foreclosure sale to pay for the purchase of the property secured by the trust deed.  U.C.A. 57-1-21(1).

13. ReconTrust is not a member of the Utah State Bar or Utah title insurance company and thus not a qualified trustee under Utah law.  ReconTrust has no bona fide office within the state.  In

exercising powers of sale purportedly obtained and exercised by ReconTrust as trustee, it is an "unauthorized person" conducting "unauthorized sales" under Utah law.

14. Defendants seek to avail themselves of the privilege of non-judicial foreclosure in Utah without the corresponding responsibility that the law imposes.

15. In contravention of Utah law and the Utah legislature's intent, and in the ordinary course of business since 2001, defendants Bank of America and/or BAC have executed and continue to execute or cause to be executed, on behalf of Bank of America or BAC, a "Substitution of Trustee" naming ReconTrust as the trustee under the relevant deed of trust.  Bank of America, BAC, and ReconTrust know or should know that ReconTrust does not qualify as a trustee under Utah law.

16. Following the execution of the "Substitution of Trustee" naming ReconTrust as the trustee, ReconTrust conducts non-judicial foreclosure activities against Utah homeowners, filing and delivering notices of sale and default.  ReconTrust has engaged others as non-trustee agents to carry out the trust activities - including the exercise of the power of sale - that only a duly qualified Trustee may exercise.

17. The practical and intended effect of Defendants' appointment of ReconTrust as substitute trustee is to deny Utah homeowners the necessary opportunity or place to meet with a qualified trustee to request information, deliver written communications or reinstatement funds, or to come to a workout arrangement whereby Utah homeowners could resolve issues with the mortgages serviced by Defendants prior to the drastic remedy of non-judicial foreclosure.

18. Were Defendants to comply with Utah Code Ann. § 57-1-19, *et seq.*, Defendants would have to face homeowners directly and provide legitimate documentation related to their loans and security instruments, including having to answer questions such as who owns the original note,

who is legitimately authorized to modify the terms of the note, and who is legitimately

authorized to negotiate the curing of default or the re-instatement of a loan.

19. Defendants have avoided compliance with Utah law because such compliance would be costly

and burdensome to them, they do not have the mortgage documentation that

Borrowers/Trustors may request, they often do not know who owns the underlying note, and

they do not often know who has authority to negotiate a final resolution or to cure a default.

20. In furtherance of this unlawful trust activity/foreclosure scheme, Defendants hide from

homeowners essential information regarding the true ownership of the relevant loans, the

identity of corporate officers, and the legitimacy of public records filings.  The result is that

unsophisticated borrower/homeowners have no reasonable means to apply for or receive

remedies available to them by state and federal laws and regulation.   Defendants rely on this

lack of borrower/trustor sophistication in their efforts to non-judicially foreclosure absent the

supervision of the courts in the manner which is the quickest and most cost effective for them.

21. Pursuant to this scheme, Defendants have conducted tens of thousands of non-judicial

foreclosures illegally, having failed to comply with Utah Code Ann. § 57-1-20, et seq., and have

initiated at least 750 such sales, which are presently pending in Utah.  While Defendants have

substituted in Stuart Matheson and his law firm (hereinafter, "Matheson") in many of the non-

judicial foreclosures after a handful of Borrowers/Trustors brought actions in court, the legal

issues presented herein are capable of repetition because Defendants can substitute

ReconTrust in place of a qualified trustee at any time, and have repeatedly showed their

willingness to do so in Plaintiffs' cases and in the matter of *Bell v. Countywide Bank, et al.*, Civ.

No. 2:11-CV-00271.

22. A recent consent order between Bank of America and the United States Department of Treasury

factually corroborates and evidences the above allegations.  Bank of America admitted, among

other things, that it had, in "connection with certain foreclosures of loans in its residential

mortgage servicing portfolio," including foreclosures in Utah:

    a.   "filed or caused to be filed ... affidavits executed by its employees or employees of

        third-party service providers making various assertions, such as ownership of the

        mortgage note and mortgage, the amount of the principal and interest due, and the

        fees and expenses chargeable to the borrower, in which the affiant represented that

        the assertions in the affidavit were made based on personal knowledge or based on

        a review by the affiant of the relevant books and records, when, in many cases, they

        were not based on such personal knowledge or review of the relevant books and

        records";

    b.   "filed or caused to be filed ... numerous affidavits or other mortgage-related

        documents that were not properly notarized, including those not signed or affirmed

        in the presence of a notary";

    c.   "litigated foreclosure proceedings and initiated non-judicial foreclosure proceedings

        without always ensuring that either the promissory note or the mortgage document

        were properly endorsed or assigned and, if necessary, in the possession of the

        appropriate party at the appropriate time";

    d.   "failed to devote sufficient financial, staffing and managerial resources to ensure

        proper administration of its foreclosure processes";

    e.   "failed to devote to its foreclosure processes adequate oversight, internal controls,

        policies, and procedures, compliance risk management, internal audit, third party

        management, and training"; and

    f.   "failed to sufficiently oversee outside counsel and other third-party providers

        handling foreclosure-related services."

8

23.  Further, on May 19, 2011, the Utah Attorney General informed Bank of America by written letter that ReconTrust was "not in compliance" with Utah laws passed in 2001 and 2004 because ReconTrust was not a "valid trustee."  The Utah Attorney General concluded that "all real estate foreclosures conducted by ReconTrust in the State of Utah are … illegal."

24. Defendants have profited from this complex scheme and their willful violations of Utah law.

## DUTCHER SPECIFIC ALLEGATIONS

25. On or about November 7, 2007, Plaintiffs Richard and Gwen Dutcher executed a promissory note (hereinafter, the "Dutcher Note") in favor of Countrywide Bank, FSB listed as "Lender" on the loan documents in order to purchase the real property commonly known as 675 East 1400 North, Mapleton, Utah (hereinafter, the "Dutcher Property").

26. On or about November 7, 2007, the Dutchers executed a Deed of Trust (hereinafter the "Dutcher Trust Deed") in the state of Utah for the purposes of securing the Dutcher Note.  The parties to the Dutcher Trust Deed were the Dutchers as the "Borrowers," Countrywide Bank, FSB, as the Lender, and Matheson as Trustee.

27. The Dutchers executed the Note and Trust Deed, along with other loan closing documentation, at Countrywide's local offices located at 10701 S. River Front Parkway #400, South Jordan, UT 84095.

28. The original trustee of the Dutcher Trust Deed was Stewart T Matheson, Attorney at Law, 640 E First South, Salt Lake City, UT 84102.  *See id.* at paragraph (D).

29. The Dutcher Trust Deed is specifically identified on each page by a stamp which specifically reads that it is Utah specific.  *See id.*

30. The Dutcher Trust Deed was recorded in the offices of the Utah County Recorder on November 26th, 2007.  *See id.*

31. The return address for the recording of the Dutcher Trust Deed is Custom Title Solutions, which was based in Santa Ana, California. *See id.* at p. 1.

32. The Dutcher Trust Deed defined "Applicable Law" as "all controlling applicable federal, state and location statutes . . . ." *See id.* at paragraph (I).

33. The Dutcher Trust Deed defined "Successor in Interest of Borrower" as "any party that has taken title to the Property . . . ." *See id.* at paragraph Q.

34. The Dutcher Trust Deed requires that notices in connection with the security instrument, including any Substitution of Trustee, Notice of Default, or Notice of Trustee's Sale, be delivered in writing to the Borrower at the Property Address located in the state of Utah. *See id.* at paragraph 15.

35. The Dutcher Trust Deed declared that both federal law and the "law of the jurisdiction in which the Property is located" governing the instrument and its construction, consistent with Applicable Law. *See id.* at paragraph 16.

36. The Dutcher Trust Deed required the Beneficiary to provide notice of acceleration to the Borrower in the state of Utah. *See id.* at paragraph 18.

37. The Dutcher Trust Deed provided the Borrowers with the right to reinstate after acceleration, a remedy to be performed in the state of Utah prior to the exercise of the power of sale. *See id.* at paragraph 19.

38. The Dutcher Trust Deed recites non-uniform covenants specifically designed to purport to comply with the Applicable Law of the state of Utah, by setting forth both the acceleration and reinstatement periods required before the power of sale could be exercised by the Trustee. These covenants specifically recite to statutory requirements that unambiguously refer to the requirements of Utah's trust deed statute, U.C.A. 57-1-19 – 57-1-36, setting forth the manner in which the property could be sold by non-judicial process through public advertisement and

setting forth the distribution of proceeds from such sale consistent with state law.  *See id.* at paragraph 22.

39. The Dutcher Trust Deed recites the Trustee's duties related to any reconveyance of the property, an act which must be performed by recordation in offices of the Utah County Recorder.  *See id.* at paragraph 23.

40. The Dutcher Trust Deed, consistent with state statute, specifically recites that any successor trustee, as with the original trustee, shall have "all <sic> title, power and duties" conferred upon the Trustee herein and by Applicable Law."  *See id.* at paragraph 24.

41. The Dutcher Trust Deed required that copies of any notice of default and sale be sent to the Borrowers address which is the Property Address.  *See id.* at paragraph 25.

42. The Trust Deed purportedly became effective by its execution by the Borrowers in the state of Utah, acknowledged by a Notary Public as required by state law, residing in Springville, Utah. *See id.* at p. 9.

43. On February 8th, 2011, Countrywide Bank FSB recorded a Corporate Assignment of Deed of Trust/Mortgage (the "First Assignment") to BAC Home Loans Servicing, FKA Countrywide Home Loans Servicing, requested by ReconTrust and purportedly executed by "David M. Gregory, Assistant Secretary of Countrywide Bank FSB" by notarized acknowledgment in Tarrant County, Texas, where ReconTrust is located.  The First Assignment is prepared on a Utah specific form, as identified in the lower right hand corner of the document.

44. On the same date, BAC Home Loans Servicing recorded a Substitution of Trustee, naming ReconTrust as successor trustee to Utah licensed attorney Stewart T Matheson, original trustee of the trust deed.  The Substitution of Trustee is prepared on a Utah specific form, as identified in the lower right hand corner of the document.

45. On the same date, ReconTrust recorded a Notice of Default and Election to Sell on behalf of BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP, by BAC GP, LLC, Its General Partner, as AIF.  The Notice of Default specifically recites to the Dutcher's alleged breach pursuant to the Trust Deed and as provided in Title 57, Chapter 1, U.C.A. (1953), _as amended and supplemented_.  The Notice of Default was executed by one "Jillian Wood, Authorized Signer," which is ambiguous as to any authority this individual purportedly had to act on behalf of the purported Beneficiary.  The Notice of Default was prepared on a Utah specific form, as identified in the lower right hand corner of the document.

46. On June 17th, 2011, BAC Home Loans Servicing FKA Countrywide Home Loans Servicing LP, by BAC GP, LLC its General Partner, recorded another Corporation Assignment of Deed of Trust/Mortgage (the "Second Assignment") to Federal National Mortgage Association ("FNMA").  The instrument was executed by one "Carolyn Holleman, Assistant Secretary" of BAC HLS.  The Second Assignment was prepared on a Utah specific form, as identified in the lower right hand corner of the document.

47. ReconTrust claimed to be the "successor" or "substitute" trustee under the Dutcher Trust Deed, even though ReconTrust knew or should have known that it did not qualify as a trustee under Utah law.

48. ReconTrust, purporting to act as qualified trustee under Utah law, published notice of an illegal non-judicial foreclosure sale of the Dutcher Property.  The sale was scheduled for June 14, 2011.

49. On June 14, 2011, ReconTrust, purporting to act as a qualified trustee under Utah law, illegally conducted a non-judicial foreclosure sale on the Dutcher Property.

50. On June 20th, 2011, ReconTrust recorded a Trustee's Deed terminating the Dutchers' ownership interest in the property in favor of FNMA, purportedly located at the same address as BAC HLP, 400 National Way, Simi Valley, CA.  The Trustee's Deed recites that Defendants properly

complied with the requirements of Title 57, but these recitals are false given that ReconTrust is not a duly qualified trust deed Trustee.

## FERGUSON SPECIFIC ALLEGATIONS

51. On or about August 21, 2007, Plaintiffs Richard G. Ferguson and Michelle R. Ferguson executed a promissory note (hereinafter, the "Ferguson Note") in favor of Countrywide Bank, FSB listed as "Lender" on the loan documents in order to purchase the real property commonly known as 4452 South 5720 West, Salt Lake City, Utah (hereinafter, the "Ferguson Property").

52. On or about August 21, 2007, the Fergusons executed a Deed of Trust (hereinafter the "Ferguson Trust Deed") in the state of Utah for the purposes of securing the Ferguson Note.  The parties to the Ferguson Trust Deed were the Fergusons as the "Borrowers," Countrywide Bank, FSB, as the Lender, and Matheson as Trustee.

53. The original trustee of the Ferguson Trust Deed was Stewart T Matheson, Attorney at Law, 648 E First South, Salt Lake City, UT 84102.  *See id.* at paragraph (D).

54. The Ferguson Trust Deed is specifically identified on each page by a stamp which specifically reads that it is Utah specific.  *See id.*

55. The Ferguson Trust Deed was recorded in the offices of the Salt Lake County Recorder on September 6th, 2007.  *See id.*

56. The return address for the recording of the Ferguson Trust Deed is Chicago Title, ServiceLink Division in Aliquippa, Pennsylvania.  *See id.* at p. 1.

57. The Ferguson Trust Deed defined "Applicable Law" as "all controlling applicable federal, state and location statutes . . . ."  *See id.* at paragraph (I).

58. The Ferguson Trust Deed defined "Successor in Interest of Borrower" as "any party that has taken title to the Property . . . ."  *See id.* at paragraph Q.

59. The Ferguson Trust Deed requires that notices in connection with the security instrument, including any Substitution of Trustee, Notice of Default, or Notice of Trustee's Sale, be delivered in writing to the Borrower at the Property Address located in the state of Utah. *See id*. at paragraph 15.

60. The Ferguson Trust Deed declared that both federal law and the "law of the jurisdiction in which the Property is located" governing the instrument and its construction, consistent with Applicable Law. *See id*. at paragraph 16.

61. The Ferguson Trust Deed required the Beneficiary to provide notice of acceleration to the Borrower in the state of Utah. *See id*. at paragraph 18.

62. The Ferguson Trust Deed provided the Borrowers with the right to reinstate after acceleration, a remedy to be performed in the state of Utah prior to the exercise of the power of sale. *See id*. at paragraph 19.

63. The Ferguson Trust Deed recites non-uniform covenants specifically designed to purport to comply with the Applicable Law of the state of Utah, by setting forth both the acceleration and reinstatement periods required before the power of sale could be exercised by the Trustee. These covenants specifically recite to statutory requirements that unambiguously refer to the requirements of Utah's trust deed statute, U.C.A. 57-1-19 – 57-1-36, setting forth the manner in which the property could be sold by non-judicial process through public advertisement and setting forth the distribution of proceeds from such sale consistent with state law. *See id*. at paragraph 22.

64. The Ferguson Trust Deed recites the Trustee's duties related to any reconveyance of the property, an act which must be performed by recordation in offices of the Salt Lake County Recorder. *See id*. at paragraph 23.

65. The Ferguson Trust Deed, consistent with state statute, specifically recites that any successor trustee, as with the original trustee, shall have "all <sic> title, power and duties" conferred upon the Trustee herein and by Applicable Law." *See id*. at paragraph 24.

66. The Ferguson Trust Deed required that copies of any notice of default and sale be sent to the Borrowers address which is the Property Address. *See id*. at paragraph 25.

67. The Trust Deed purportedly became effective by its execution by the Borrowers in the state of Utah, acknowledged by a Notary Public as required by state law, residing in Salt Lake County, Utah. *See id*. at p. 11.

68. On January 9th, 2011, Countrywide Bank FSB recorded a Corporate Assignment of Deed of Trust/Mortgage (the "First Assignment") to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP, requested by ReconTrust Company, N.A ("ReconTrust") and purportedly executed by "Camelia Boone, Assistant Secretary of Mortgage Electronic Registration Systems, Inc." by notarized acknowledgment in Tarrant County, Texas, where ReconTrust is located.  The First Assignment is prepared on a Utah specific form, as identified in the lower right hand corner of the document.

69. On the same date, BAC Home Loans Servicing recorded a Substitution of Trustee, naming ReconTrust as successor trustee to Utah licensed attorney Stewart T. Matheson, original trustee of the trust deed.  The Substitution of Trustee is prepared on a Utah specific form, as identified in the lower right hand corner of the document.

70. On the same date, ReconTrust recorded a Notice of Default and Election to Sell on behalf of BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP, by BAC GP, LLC, Its General Partner, as AIF.  The Notice of Default specifically recites to the Ferguson's alleged breach pursuant to the Trust Deed and as provided in Title 57, Chapter 1, U.C.A. (1953), as amended and supplemented.  The Notice of Default was executed by one "Jillian Wood,

Authorized Signer," which is ambiguous as to any authority this individual purportedly had to act on behalf of the purported Beneficiary.  The Notice of Default was prepared on a Utah specific form, as identified in the lower right hand corner of the document.

71. On June 1st, 2011, BAC Home Loans Servicing FKA Countrywide Home Loans Servicing LP, by BAC GP, LLC its General Partner, recorded another Corporation Assignment of Deed of Trust/Mortgage (the "Second Assignment") to Federal National Mortgage Association ("FNMA").  The instrument was executed by one "Lanetia Jones, Assistant Secretary" of BAC HLS.  The Second Assignment was prepared on a Utah specific form, as identified in the lower right hand corner of the document.

72. ReconTrust claimed to be the "successor" or "substitute" trustee under the Ferguson Trust Deed, even though ReconTrust knew or should have known that it did not qualify as a trustee under Utah law.

73. ReconTrust, purporting to act as qualified trustee under Utah law, published notice of an illegal non-judicial foreclosure sale of the Ferguson Property.  The sale was scheduled for May 24, 2011.

74. On May 24, 2011, ReconTrust, purporting to act as a qualified trustee under Utah law, illegally conducted a non-judicial foreclosure sale on the Ferguson Property.

75. On June 1st, 2011, ReconTrust recorded a Trustee's Deed terminating the Fergusons' ownership interest in the property in favor of FNMA, purportedly located at the same address as BAC HLP, 400 National Way, Simi Valley, CA.  The Trustee's Deed recites that Defendants properly complied with the requirements of Title 57, but these recitals are false given that ReconTrust is not a duly qualified trust deed Trustee.

## CLASS ACTION ALLEGATIONS

76. This action is brought under Utah Rule of Civil Procedure 23 on behalf of Plaintiffs and others similarly situated as described below:

    **Class definition:** All persons subjected to the actions of Defendants in non-judicial foreclosure proceedings instituted by BofA, BAC HLS, whereby ReconTrust, as the purported trustee, exercised trust activities in the state of Utah in violation of Utah Code Ann. § 57-1-20 et seq., in the time period set forth as follows:

    **Subclass A**: from January 1, 2001, until May 10, 2011;

    **Subclass B**: from May 10, 2011, to present, and continuing through the pendency of this action.

77. Plaintiffs are similarly situated to other Utah homeowners in the putative class where Defendants engaged in illegal trust activities in efforts to non-judicially foreclose without authority and in violation of Utah law.

78. Plaintiffs are unable to state the exact number of putative class without discovery of Defendants' records.  However, Plaintiffs are informed and believe, and thereon allege, that the class exceeds 10,000 members.  In particular, Defendants have conducted more than 250 non-judicial foreclosure sales in the state of Utah since May 17, 2010, and had approximately 1,500 sales advertised per month prior to the enactment of U.C.A. § 57-1-23.5.

79. The proposed class is so numerous as to make joinder of all of its members impracticable.

80. Upon information and belief, more than 75% of the proposed class members are citizens of Utah.

81. There are questions of law or fact common to the proposed class.  For example, the rights that are the subject of this litigation are held in common by each class member.  Plaintiffs have each been foreclosed upon where the chain of title to their property evidences unlawful trust activity by ReconTrust at the direction of Defendants.  In many, if not most, of these cases Plaintiffs have

been forcibly evicted from their homes by Defendants acting through or on behalf of ReconTrust.  This trust activities, including the recording of Substitutions of Trustee, Notices of Default, publication and mailing of Notice of Trustee's Sales, the performance of the sales, the recording of Trustee's Deeds, and ensuing eviction proceedings were conducted based upon Defendants violation of state law governing such activities and the non-judicial exercise of the power of sale conferred by the trust deeds.

82. Defendants' lack of authority to conduct these trust activities, including the exercise of the power of sale, is an issue of law common to all members of the class.

83. The named Plaintiffs will fairly and adequately protect the interests of the class.

84. Counsel are competent and experienced in complex civil litigation matters, including class actions, and particularly in matters involving the Utah Trust Deed Act and the non-judicial foreclosure process in the state of Utah.

85. The claims of the named Plaintiffs are typical of the claims of the members of the class, having been wrongfully and illegally foreclosed upon by Defendants in violation of Utah statutes.

86. The prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications with respect to each individual class member, which could establish incompatible standards of conduct for Defendants.

87. Defendants, in threatening and conducting illegal foreclosures in the cases of the individual Plaintiffs, and throughout the state of Utah, have acted or refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of each class.

88. Indeed, the adjudication of the named Plaintiffs' claims or the stated causes of action on an individual basis would, as a practical matter, be dispositive on the interests and remedies

available to the citizens of Utah who are not parties to pending litigation; such individuals

interests would be impaired or impeded absent a class action proceeding.

89. The common questions of law or fact predominate over any questions affecting individual class

members only.  A class action is superior to other available methods for the fair and efficient

adjudication of this controversy.

90. There is no difficulty that should be encountered in the management of this litigation that

would preclude its maintenance as a class action.

91.  Consequently, class certification is proper under Rule 23 of the Utah Rules of Civil Procedure.

Plaintiffs request that the class be certified as soon as possible.

**FIRST CAUSE OF ACTION**
**Declaratory Judgment**
**Violations of U.C.A. § 57-1-1, et seq.**

92. Plaintiffs repeat and reincorporate all preceding paragraphs by reference.

93. Plaintiffs request that this Court issue declaratory judgment determining the rights, status and

legal relations of the parties to this action.

94. There is an actual controversy between the parties when Plaintiffs challenges the legality of the

recorded documents on title to their Properties which purportedly enabled Defendants to

exercise the privilege of non-judicial foreclosure, through ReconTrust and its non-trustee

agents, by the recording of certain conveyances such as Assignments, Substitutions of Trustee,

Notices of Default, and Trustee's Deeds making adverse claims to Plaintiffs' interests in their

Property.

95. Plaintiffs request a speedy hearing advanced on the calendar as permitted by Federal Rule of

Civil Procedure 57.

96. In the time period at issue, Plaintiffs each obtained legal title to their properties by warranty

deed, pursuant to U.C.A. § 57-1-12, prior to their interest being transferred in trust pursuant to

U.C.A. § 57-1-20 by the execution and *recording* of the Trust Deeds on each Property.

97. Utah law permits only properly qualified trustee, as set forth by U.C.A. 57-1-21(1)(a)(i) or (iv), to foreclose upon a trust deed in the manner provided by U.C.A. §§ 57-1-24 and 57-1-27, by the exercise of *either* judicial or non-judicial power of sale. *See* U.C.A. § 57-1-23 (2001).[2]

98. ReconTrust is an "unauthorized person" pursuant to U.C.A. § 57-1-23.5 (2011) when it does not qualify as trust deed trustee pursuant to § 57-1-21(1)(a)(i) or (iv) by its failure it to be an (a) "active member of the Utah State Bar who maintains a place within the state"; or (b) a title insurance company or agency holding a certificate of authority or license under Title 31A, Insurance Code, also "maintaining a bona fide office in the state." *See id.*

99. The express statutory language of §57-1-21 expresses the legislature's clear intentions that a properly qualified trust deed trustee *must* maintain a bona fide place of business within the state of Utah where trustor/homeowners may meet face-to-face to obtain vital information necessary to cure any alleged default and to otherwise avoid the consequences of non-judicial foreclosure within the timelines prescribed by statute.

100. Plaintiffs pray for declaratory judgment that ReconTrust must comply with Utah law in availing itself of the privilege of non-judicial foreclosure in conducting foreclosures against Utah homeowners as a purported "trustee" under the Utah Trust Deed Act.

101. Plaintiffs pray for declaratory judgment that ReconTrust is not qualified, pursuant to § 57-1-21(3) and (4), to exercise the power of sale given that it is not properly qualified pursuant to Subsections (1)(a)(i) or (iv).

---

[2] The trustee who is qualified under Subsection 57-1-21(1)(a)(i) or (iv) is given the power of sale by which the trustee may exercise and cause the trust property to be sold in the manner provided in Sections 57-1-24 and 57-1-27, after a breach of an obligation for which the trust property is conveyed as security; or, at the option of the beneficiary, a trust deed may be foreclosed in the manner provided by law for the foreclosure of mortgages on real property. The power of sale may be exercised by the trustee without express provision for it in the trust deed.

102.    Plaintiffs pray for declaratory judgment that the trustees deeds upon which ReconTrust and

its non-trustee agents have acted as unqualified trustees are ineffective to encumber and

terminate their interest in their real property.  The power of sale and other trustee powers

under the trust deed "may be exercised only if the beneficiary has appointed a qualified

successor trustee under Section 57-1-22." *See* U.C.A. § 57-1-21(4).

103.    Plaintiffs pray for declaratory judgment that ReconTrust cannot exercise the *non-judicial*

power of sale conferred by U.C.A. § 57-1-23, but must instead avail itself of the *judicial*

foreclosure remedy set forth by statute.

104.    Plaintiffs pray for declaratory judgment that Defendants are liable for statutory damages,

actual damages, and fees as to Plaintiffs Dutcher, Ferguson and others similarly situated, as set

forth in part by U.C.A. § 57-1-23.5, when ReconTrust is an "unauthorized person" by statute

conducting "unauthorzed sales."

105.    Defendants conducted these "unauthorized sales" by employing non-trustee agents, despite

having actual knowledge that ReconTrust was an "unauthorized person" and thus their actions

were unalwful and in violation of state law.

**SECOND CAUSE OF ACTION**
**Wrongful Foreclosure**
**Violations of U.C.A. § 57-1-21**

106.    Plaintiffs repeat and reincorporate the preceding paragraphs by reference.

107.    In the time period at issue in the Complaint, Defendants conducted unlawful foreclosure

activities against Plaintiffs by the performance of trust activities related to Plaintiffs' trust deeds

without complying with Utah law.

108.    In the time period at issue, ReconTrust was not a qualified trustee pursuant to the plain

language of Title 57 subsection 21.

109.    Plaintiffs have suffered damages pursuant to Defendants unlawful actions in relation to the

trust properties, including both economic and special damages resulting from the non-judicial foreclosures and forcible evictions prosecuted by Defendants without proper qualification.

## THIRD CAUSE OF ACTION
### Wrongful Foreclosure
### U.C.A. § 57-1-23.5 (Subclass A only)

110.     Plaintiffs repeat and reincorporate the preceding paragraphs by reference.

111.     In the time period at issue in the Complaint, and as set forth above, Defendants have conducted unlawful foreclosure activities against Plaintiffs by the performance of trust activities related to Plaintiffs' trust deeds without complying with Utah law.

112.     In the time period at issue, ReconTrust was not a qualified trustee pursuant to the plain language of Title 57 subsection 21 and was therefore an "unauthorzied person" by statute conducting "unauthorzied sales" in Utah. U.C.A. § 57-1-23.5.

113.     Plaintiffs have suffered damages pursuant to Defendants unlawful actions in relation to the trust properties, including both economic and special damages resulting from the non-judicial foreclosures and forcible evictions prosecuted by Defendants without proper qualification.

114.     Defendants are therefore liable to Plaintiffs for the greater of actual damages or statutory damages, and Plaintiff's costs and attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.   For Declaratory Judgment that ReconTrust is an "unqualified person" which may not exercise the power of non-judicial sale pursuant to Utah Code Annotated Title 57.

2.   For Declaratory Judgment that the Substitutions of Trustee recorded by Defendants against Plaintiffs' properties in the time period at issue are void.

3.   For Declaratory Judgment that the Notices of Default recorded by Defendants against Plaintiffs' properties in the time period at issue are void.

4. For Declaratory Judgment that the Assignments recorded by Defendants against Plaintiffs' Properties in the time period at issue are void.

5. For Declaratory Judgment that the Trustee's Deeds recorded by Defendants against Plaintiffs' properties in the time period at issue are void.

6. For an Order directing all Defendants to immediately rescind the above-identified false and/or misleading documents recorded on title to Plaintiffs' Property.

7. For a permanent injunction preventing Defendants from conducting non-judicial foreclosure sales in the State of Utah that do not fully comply with the requirements of the Utah Trust Deed Act.

8. For statutory damages authorized by Utah law against each defendant on a per plaintiff basis and in favor of each Plaintiff and class member, individually.

9. For compensatory and incidental damages.

10. For punitive damages.

11. For attorney's fees and costs as mandated by statute.

12. For any and all other relief the Court deems appropriate.

Dated this 21st March 2012.

MUMFORD RAWSON & BATES LLC

*Abraham Bates*

_____

Abraham Bates
Attorneys for Plaintiffs