IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RICHARD DUTCHER, et al.,<br><br>Plaintiffs,<br><br><br><br>vs.<br><br>STUART T. MATHESON, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING ALL PENDING MOTIONS<br><br><br><br>Case No. 2:11-CV-666 TS |

This matter is before the Court on (1) Plaintiffs' Motion for Reconsideration, or, in the Alternative, to Alter or Amend Judgment,[1] (2) Plaintiffs' Motion for Leave to Amend,[2] and (3) the State of Utah's Motion to Intervene.[3]  For the reasons set forth more fully below, the Court will deny the Motions.

---

[1]Docket No. 54.

[2]Docket No. 56.

[3]Docket No. 51.

## I.  BACKGROUND

The facts of this case are fully set out in the Court's Order dated February 8, 2012,[4] and the Court will not repeat them here.  In that Order, the Court addressed whether the National Bank Act required Defendant ReconTrust to comply with either Utah or Texas law when performing non-judicial foreclosures in Utah.  The Court found that (1) Texas law applied and (2) even if Utah law applied, ReconTrust was still authorized to perform foreclosures under the National Bank Act because it was in competition with title companies.

Shortly after the Court issued its opinion, another judge of this Court considered the same questions with respect to ReconTrust in *Bell v. Countrywide Bank NA*[5] and reached the opposite result.  Plaintiffs filed both of their motions based on *Bell*.  The State of Utah has also filed a motion to intervene and join in Plaintiffs' Motion to Reconsider.

## II.  MOTION TO RECONSIDER

Plaintiffs' Motion to Reconsider is timely made under Fed. R. Civ. P. Rule 59(e).  The Tenth Circuit has recognized the following grounds which warrant a motion to reconsider under Rule 59(e): "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[6]  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . .  It is not appropriate to revisit issues already addressed or

---

[4]Docket No. 48.

[5]2012 WL 899290 (D. Utah Mar. 15, 2012).

[6]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2005) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir.1995)).

advance arguments that could have been raised in prior briefing."[7]  None of these situations are present in the instant case.

The Court is aware that *Bell* reached a different result.  However, that opinion is not properly described as controlling law.  Nor has any new evidence been presented.

Plaintiffs argue that the Court committed clear error by not reaching the same conclusions as *Bell*.  *Bell* found: (1) that the OCC regulation in question was invalid under *Chevron* and (2) that banks do not compete with title companies.  As to the first point, the Court notes that Plaintiffs did not make a *Chevron* review argument previously.  Accordingly, Plaintiffs' Motion to Reconsider is an attempt to "advance arguments that could have been raised in prior briefing." As to the second point, the Court considered and rejected the argument that ReconTrust did not compete with title companies in its prior Order.  That another judge of this Court reached a different conclusion does not equate to clear error on this Court's part.  Accordingly, the Court will deny Plaintiffs' the Motion to Reconsider.

### III.  MOTION TO AMEND

Plaintiffs' Motion to Amend assumes that *Bell* would change the Court's analysis.  It does not.  Amendment would therefore be futile and is denied.[8]

---

[7]*Id.*

[8]*Broad. Music, Inc. v. Creation Club, Inc.*, 2007 WL 752177, at *1 (D. Utah Mar. 6, 2007).

## IV.  MOTION TO INTERVENE

On March 21, 2012, nearly one month after judgment was entered in this case, the State of Utah moved to intervene, stating it had become "alarmed about defending the integrity of its trustee statute and in preserving Utah citizens in their homes."[9]

> Whether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.'  If it is untimely, intervention must be denied.  Thus, the court where the action is pending must first be satisfied as to timeliness.[10]

The State of Utah's motion is not timely.  As the Seventh Circuit has explained:

> Once the judge not only flags an issue as important but also sets a schedule for its resolution, the time has come to intervene.  People potentially affected by the decision can't sit on the sidelines, as if intervention were a petition for rehearing. If they receive notice that the court will hold a hearing to address a particular question, they must participate rather than wait and see what the court does.[11]

The Court will therefore deny the State of Utah's motion.

## V.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Reconsideration, or, in the Alternative, to Alter or Amend Judgment (Docket No. 54) is DENIED.  It is further

ORDERED that Plaintiffs' Motion for Leave to Amend (Docket No. 56) is DENIED.  It is further

ORDERED that the State of Utah's Motion to Intervene (Docket No. 51) is DENIED.

---

[9] Docket No. 52, at 3.

[10] *NAACP v. New York*, 413 U.S. 345, 365 (1973).

[11] *United States v. Blagojevich*, 612 F.3d 558, 561 (7th Cir. 2010).

4

DATED   July 23, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge