IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RICHARD DUTCHER and GWEN DUTCHER, RICHARD FERGUSON and MICHELLE FERGUSON; and CATHERINE RICHARDS AHLERS, on their own behalf and on behalf of a class of similarly situated persons,<br><br>     Plaintiffs,<br><br><br>    vs.<br><br><br>STUART T. MATHESON; MATHESON, MORTENSEN, OLSEN & JEPPSON, P.C., RECONTRUST COMPANY, N.A.; BAC HOME LOANS SERVICING LP; and BANK OF AMERICA, N.A.,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br><br><br>Case No. 2:11-CV-666 TS |

This matter is before the Court on Plaintiffs Richard and Gwen Dutcher, Richard and

Michelle Ferguson, and Catherine Richards Ahlers's (collectively "Plaintiffs") Motion to Enlarge

Time to File Supplemental Brief on Jurisdiction.[1]  Also before the Court are Defendants Stuart T.

---

[1]Docket No. 86.

Matheson; Matheson, Olsen and Jeppson, P.C.; ReconTrust Company, N.A.; BAC Home Loans Servicing LP; Bank of America, N.A.'s (collectively "Defendants") Motions to Strike.[2]

This matter came before the Court for a status conference on September 17, 2013. At that status conference, the Court requested supplemental briefing on the issue of jurisdiction and the Class Action Fairness Act. The parties were instructed to file their briefs no later than 5:00 pm on October 4, 2013.

Shortly before the filing deadline, Plaintiffs filed a motion requesting an additional day to prepare their supplemental brief. Plaintiffs' counsel cited unexpected complications in other cases he was handling as grounds for the extension. Plaintiffs sought a stipulation from Defendants and indicated that they would be willing to delay the deadline for all parties, thereby ensuring a contemporary filing. Defendants refused to stipulate to such an extension. Five days later, Plaintiffs filed their supplemental brief.

Defendants filed an opposition to Plaintiffs' Motion and moved to strike Plaintiffs' supplemental brief and the supplemental brief filed by the State of Utah. Defendants argue that Plaintiffs' Motion to Enlarge Time should be denied because Plaintiffs failed to establish good cause for a five-day extension of the filing deadline. For this same reason, Defendants move the Court to strike Plaintiffs' supplemental brief.

Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." Here, the Court finds that Plaintiffs have met the good cause standard to justify a brief extension of the Court's

---

[2]Docket Nos. 90, 91.

deadline.  For that reason, the Court will grant Plaintiffs' Motion and deny Defendants' Motion to Strike Plaintiffs' supplemental brief.  That being said, the Court is persuaded that Defendants were prejudiced by Plaintiffs' late filing, as it allowed Plaintiffs the unfair advantage of reviewing Defendants' arguments prior to filing their brief.  For this reason, the Court will grant Defendants leave to file a reply brief.  No further briefing will be permitted or considered.

The Court will also deny Defendants' Motion to Strike the State of Utah's brief. Defendants argue that the State of Utah's brief should be stricken because the State of Utah is not a party to this case.  While it is true that the State of Utah is not a party to this case, counsel for the State of Utah appeared at the September 2013 status conference.  At that conference, the Court granted the State of Utah leave to file a supplemental brief.  Counsel for Defendants did not object to such a filing at that time.  It also appears that the State of Utah similarly appeared and submitted briefing on appeal.[3]  In light of this prior involvement, the Court will consider the State of Utah's supplemental brief.

Based on the foregoing, it is hereby

ORDERED that Plaintiffs' Motion to Enlarge Time to File Supplemental Brief on Jurisdiction (Docket No. 86) is GRANTED.  Defendants may file a reply to Plaintiffs' supplemental brief of no more than ten (10) pages within fourteen (14) days of this Order.  It is further

ORDERED that Defendants' Motions to Strike (Docket Nos. 90 and 91) are DENIED.

_____

[3]*See* Docket No. 93, at 3.

DATED   December 9, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge