IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICHARD DUTCHER and GWEN DUTCHER, RUCHARD FERGUSON and MICHELLE FERGUSON; and CATHERINE RICHARDS AHLERS, on their own behalf and on behalf of a class of similarly situated persons,<br><br>               Plaintiffs,<br><br>v.<br><br>STUART T. MATHESON; MATHESON MORTENSON, OLSEN & JEPPSON, P.C.; RECONTRUST COMPANY N.A.; BAC HOME LOANS SERVICING LP; AND BANK OF AMERICA, N.A.,<br><br>               Defendants. | MEMORANDUM DECISION AND ORDER ON CAFA JURISDICTION<br><br><br>Case No. 2:11-CV-666 TS |

      This matter is before the Court on remand from the Court of Appeals for the Tenth

Circuit for the limited purpose of determining whether this Court has jurisdiction over Plaintiffs'

claims by virtue of the Class Action Fairness Act ("CAFA"). Also before the Court is

ReconTrust Company, N.A.'s ("ReconTrust") Motion to Transfer.[1]  In its Motion, ReconTrust

seeks to transfer a recently filed case—*Allred v. ReconTrust Co. N.A.*, Case No. 2:13-CV-1124

BJ—to this Court. For the reasons discussed below, the Court finds that it has jurisdiction under

CAFA and will deny ReconTrust's Motion.

---

[1] Docket No. 97.

## I. BACKGROUND

Plaintiffs are Utah residents whose homes have been subject to foreclosure sales performed by Defendants in Utah. Plaintiffs' Complaint brings six causes of action based on a central theme—that Defendant ReconTrust did not have authority to conduct a trustee sale in Utah because it was not an authorized trustee under Utah law. Plaintiffs also bring their claims on behalf of all persons subject to the allegedly unlawful foreclosure actions of Defendants. Plaintiffs allege that the proposed class exceeds 10,000 members. Plaintiffs also allege, on information and belief, that more than 75% of the proposed class members are citizens of Utah.

Plaintiffs originally filed suit in Utah state court on June 24, 2011. Defendants subsequently removed the action to this Court and collectively moved to dismiss Plaintiffs' claims. Plaintiffs moved for a temporary restraining order and preliminary injunction and also sought to remand this matter to state court. In a memorandum decision entered February 8, 2012, the Court denied Plaintiffs' motions and granted Defendants' motion to dismiss.[2] In that decision, the Court concluded that the Utah foreclosure statute at issue, Utah Code Ann. § 57-1-21, was preempted by the National Banking Act.

Plaintiffs appealed the Court's ruling. On appeal, the Tenth Circuit requested supplemental briefing on whether this Court had jurisdiction to hear Plaintiffs' claims. The Tenth Circuit subsequently held (1) the Court erred in concluding that federal question jurisdiction was proper under the doctrine of federal preemption and (2) that Defendants had not met their burden to prove fraudulent joinder and, therefore, diversity jurisdiction was not established. The Court of Appeals noted that Defendants had also argued that jurisdiction was

---

[2] *See* Docket No. 48.

proper under CAFA but indicated that "we do not believe it appropriate to resolve this thorny question without further factual development in the district court."[3]  Accordingly, the court concluded that "[w]hether the requirements of the Class Action Fairness Act have been met is a question that is best left to the district court to decide in the first instance on remand."[4]

## II.  DISCUSSION

Congress enacted CAFA to "respond to perceived abusive practices by plaintiffs and their attorneys in litigating major class actions with interstate features in state courts."[5]  Pursuant to CAFA, the federal district court's diversity jurisdiction was expanded to include certain class action suits where complete diversity did not exist.  Congress "relaxed the requirements for demonstrating diversity jurisdiction and for removing class actions to allow federal courts more readily to supervise those class actions that are interstate cases of national importance."[6]

"CAFA jurisdiction exists when the proposed class contains at least one-hundred persons, the amount in controversy exceeds $5,000,000.00, and there is minimal diversity."[7]  It is undisputed that these requirements have been met in this case.[8]  At issue are the exceptions to CAFA jurisdiction.

---

[3] Docket No. 79, at 17.

[4] *Id.*

[5] *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243 (10th Cir. 2009).

[6] *Johnson v. Advance Am.*, 549 F.3d 932, 938 (4th Cir. 2008) (internal quotation marks and citation omitted).

[7] *Valdez v. Metro. Prop. & Cas. Ins. Co.*, 867 F. Supp. 2d 1143, 1163 (D.N.M. 2012) (citing 28 U.S.C. § 1332(d)(2), (5)).

[8] *See* Docket Nos. 85, 88.

CAFA contains two statutory exceptions that, if met, mandate that a district court decline to exercise jurisdiction. These exceptions are characterized as the "local controversy exception" and the "home state exception."[9] CAFA also contains a permissive exception that grants district courts discretion to decline jurisdiction over a class action otherwise subject to CAFA jurisdiction where certain expressly enumerated factors are met.[10]

The exceptions to CAFA jurisdiction are "intended to be narrow, 'with all doubts resolved in favor of exercising jurisdiction over the case.'"[11] Because the exceptions are treated as exceptions to jurisdiction, "the party seeking remand has the burden to show that the . . . exception[s] appl[y]."[12]

A.     LOCAL CONTROVERSY EXCEPTION

The local controversy exception was created to exempt from CAFA jurisdiction "those cases consisting of primarily local, *intrastate* matters."[13] The exception is "intended to respond to concerns that class actions with a truly local focus should not be moved to federal court under [CAFA] because state courts have a strong interest in adjudicating such disputes."[14] The local

---

[9] *See Coffey*, 581 F.3d at 1243.

[10] *See* 28 U.S.C. § 1332(d)(3).

[11] *Opelousas Gen. Hosp. Auth. v. Fairpay Solutions, Inc.*, 655 F.3d 358, 360 (5th Cir. 2011) (quoting *Evans v. Walter Indus. Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006)); *see also Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (holding that "CAFA grants broad federal jurisdiction over class actions and establishes narrow exceptions to such jurisdiction").

[12] *Lafalier v. Cinnabar Serv. Co., Inc.*, No. 10-CV-0005 CVE, 2010 WL 1486900, at *5 (N.D. Okla. April 13, 2010) (citing *Evans*, 449 F.3d at 1164; *Cox v. Allstate Ins. Co.*, 2008 WL 2167027 (W.D. Okla. May 22, 2008)).

[13] *Coffey*, 581 F.3d at 1243 (citing S. Rep. No. 109-14, at 39 (2005)).

[14] S. Rep. No. 109-14, at 39.

controversy exception is found at 28 U.S.C. § 1332(d)(4)(A). That section states that a district

court shall decline to exercise jurisdiction over a class action in which

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> (II) at least 1 defendant is a defendant--
>> (aa) from whom significant relief is sought by members of the plaintiff class;
>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>> (cc) who is a citizen of the State in which the action was originally filed; and
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> [IV] during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons . . . .[15]

The Court will consider each of these elements and the parties' arguments individually

below.

### 1. CLASS CITIZENSHIP

Plaintiffs argue that the first element is met because it is reasonably likely that a

significant percentage of the proposed class are Utah citizens. Defendants contend that Plaintiffs

have failed to establish that greater than two-thirds of the class members are Utah citizens

because they have not provided any evidence of the proposed class members' citizenship and

Plaintiffs' Complaint merely alleges a class comprised of individuals who formerly owned

property in Utah.

A party seeking to avail itself of the local controversy exception must prove by a

preponderance of the evidence that at least two-thirds of the proposed class were citizens of the

---

[15] 28 U.S.C. § 1332(d)(4)(A)(i)–(ii).

forum state on the date the case became removable.[16]  "Some courts have adopted a 'reasonable probability' standard to determine if at least two-thirds of the plaintiffs are from the forum state."[17]  However, even under this standard, a court cannot make a "leap of faith" and assume that proposed class members are citizens of the forum.[18]  Plaintiffs must come forward with more than just allegations as to the citizenship of the proposed class.[19]

Here, Plaintiffs have not presented any evidence to support their assertion that more than two-thirds of the proposed class were citizens of the State of Utah at the time of removal.  Logic dictates that a large percentage of the proposed class, as former owners of real property within the forum, were citizens of the State of Utah.  However, other courts "have not found inferences as to citizenship based on property ownership to be particularly persuasive, and for obvious reasons—a person may own property in a particular state without being a citizen of it."[20]  Furthermore, the Court cannot infer that two-thirds of the proposed class were citizens of the State of Utah based only on Plaintiffs "on information and belief" allegations.  For these reasons, the Court finds that Plaintiffs have failed to meet their burden as to this element.

---

[16] *See In re Spring Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010); *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 813–14 (5th Cir. 2007).

[17] *Lafalier*, 2010 WL 1486900, at *5 (citing *Dunham v. Coffeyvill Res., LLC*, 2007 WL 3283774 (D. Kan. Nov. 6, 2007); *Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70, 80 (S.D.N.Y. 2006)).

[18] *Id.*; *see also Gerstenecker v. Terminix Int'l, Inc.*, 2007 WL 2746847, at *2 (S.D.Ill. Sept. 19, 2007) (reasoning that while the real property at issue was located in Illinois, to conclude that two-thirds of the property owners are Illinois residents "requires a leap of faith this Court cannot make").

[19] *Lafalier*, 2010 WL 1486900, at *5.

[20] *Reece v. AES Corp.*, 2013 WL 1342379, at *4 (E.D. Okla. April 2, 2013) (citing *Gerstenecker*, 2007 WL 2746847).

Plaintiffs request jurisdictional discovery to establish the "numerosity and make-up of the putative class, to establish that Plaintiffs have exceeded the one-third or two-thirds threshold of Utah citizens as class members for purposes of applying the Local Controversy, Home state, and discretionary exceptions to CAFA."[21]  Defendants take issue with Plaintiffs' failure to provide evidence in support of their assertion that they meet the citizenship requirement of the local controversy exception, yet they also oppose any request for discovery.  The Court will address Plaintiffs' request for jurisdictional discovery more fully below.

2.      LOCAL DEFENDANT

Plaintiffs argue that the second element is met because Defendants Stuart T. Matheson and Matheson, Mortenson, Olsen & Jeppson, P.C. (collectively referred to hereinafter as the "Matheson Defendants") are citizens of Utah, whose conduct forms a significant basis for the claims asserted, and from whom significant relief is sought.  Defendants contend that the Matheson Defendants merely acted as ReconTrust's agents and therefore are not defendants from whom significant relief is sought or whose conduct forms a significant basis for the claims asserted.

The second element requires (1) that at least one defendant is a citizen of the State in which the action was originally filed (2) "from whom significant relief is sought by members of the plaintiff class" and (3) "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class."[22]

---

[21] Docket No. 88, at 19.

[22] 28 U.S.C. § 1332(d)(4)(A)(i)(II).

First, it is undisputed that the Matheson Defendants are citizens of the State of Utah. Second, in *Coffey v. Freeport McMoran Copper & Gold*, the Tenth Circuit upheld a district court's finding "that the 'significant relief element is satisfied . . . where the petition claims that every potential plaintiff is entitled to recover from [the local defendant] and the proposed class seeks to collect damages from all defendants jointly and severally.'"[23] Here, as in *Coffey*, the Complaint alleges that every potential Plaintiff is entitled to recover from the Matheson Defendants and the proposed class seeks to collect damages from all of the Defendants jointly and severally. In light of these factual similarities, the Court finds that Plaintiffs have met their burden to demonstrate that significant relief is being sought against the Matheson Defendants.

The crux of Defendants' argument centers on the third requirement—that the Matheson Defendants' alleged conduct forms a significant basis for the claims asserted. The Court begins its analysis with the relevant statutory text.[24] The statute provides that the local defendant must be a defendant "whose alleged conduct forms a *significant basis* for the claims asserted by the proposed plaintiff class."[25] At issue is the scope and meaning of the term "significant basis." CAFA does not contain an explicit definition of the term "significant basis."

The Court follows the "general principle of statutory construction that terms used in a statute should be given their plain meaning."[26] The New Oxford American Dictionary defines

---

[23] *Coffey*, 581 F.3d at 1244 (quoting *Coffey v. Freeport-McMoRan Copper & Gold Inc.*, 623 F. Supp. 2d 1257, 1267 (W.D. Okla. 2009)).

[24] *Parson v. Johnson & Johnson*, --- F.3d ----, 2014 WL 1399750, at *3 (10th Cir. April 11, 2014) (citing *Scimone v. Carnival Corp.*, 720 F.3d 876, 884 (11th Cir. 2013)).

[25] 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb) (emphasis added).

[26] *Parson*, 2014 WL 1399750, at *5 (citing *Miss. ex rel. Hood v. AU Optronics Corp.*, --- U.S. ----, 134 S. Ct. 736, 744 (2014)).

the word "significant" as being "sufficiently great or important to be worthy of attention."[27] "Basis" is defined as "the underlying support or foundation for an idea, argument, or process."[28] In view of these definitions, the Court finds that the plain language of § 1332(d)(4)(A)(i)(II)(bb) requires Plaintiffs to prove that the Matheson Defendants' alleged conduct is sufficiently great or important to provide the underlying support or foundation for their claims.

This interpretation of the "significant basis" requirement is supported by the legislative purposes of CAFA. In enacting CAFA, "[t]he primary 'abuses' Congress identified were misuse of the 'complete diversity requirement' and abuse of the 'amount-in-controversy' requirement."[29] By requiring that the party seeking to avail itself of the local controversy exception demonstrate that the local defendant's alleged conduct is sufficiently important to provide the foundation for its claims, the Court ensures that local ancillary defendants are not joined to a class action suit merely to avoid CAFA jurisdiction.

Plaintiffs argue that the Matheson Defendants' alleged conduct meets the significant basis requirement because the Matheson Defendants "were on the front lines of the serial illegally [sic] taking of homes from Utah homeowners—they exercised the illegal 'power of sale' knowing that they had not complied with Utah law to obtain that 'power;' they are, indeed, the primary defendants."[30] In their prior motion to remand, Plaintiffs similarly argued that it is "clear that [the Matheson Defendants] have colluded with the other Defendants to do something

---

[27] Angus Stevenson & Christine Lindberg, *New Oxford Am. Dictionary* 1626 (3d ed. 2010).

[28] *Id.* at 137.

[29] *Parson*, 2014 WL 1399750, at *5 (citing S. Rep. No. 109-14, at 46 (2005)).

[30] Docket No. 88, at 8.

forbidden by Utah law," that they "knew that Bank of America and ReconTrust were acting as the designated successor trustees without complying with Utah law," and that they are "the critical end players in a complex financial scheme orchestrated with ReconTrust and BAC and/or Bank of America to circumvent Utah law and take homes from Utah homeowners."[31]

As this Court indicated previously, "[s]uch conclusory language, no matter how strong or how pervasive, will not suffice on its own."[32] Plaintiffs' hyperbolic characterization of the importance of the Matheson Defendants to their claims is not supported by their earlier statements of the case. The only factual allegation regarding the Matheson Defendants in Plaintiffs' Complaint states simply that "Matheson, purporting to act on behalf of ReconTrust and holding himself out as an agent of ReconTrust . . . conducted the non-judicial foreclosure sale . . . ."[33] In their Proposed Amended Complaint,[34] Plaintiffs stated that "[t]his is a dispute regarding the qualifications of Defendant ReconTrust to act in the capacity as a properly qualified foreclosure trustee pursuant to U.C.A. § 57-1, subsections 21, 22 and 23.5(2) (Supp. 2011), in foreclosing on Utah homeowners."[35]

A thorough review of the factual allegations of Plaintiffs' Complaint supports Plaintiffs' characterization of this case in their Proposed Amended Complaint as "a dispute regarding the qualifications of Defendant ReconTrust to act in the capacity as a properly qualified foreclosure

---

[31] Docket No. 33, at 3–4.

[32] Docket No. 48, at 6.

[33] Docket No. 2 Ex. 1, at 10–11.

[34] Plaintiffs sought leave to file their Proposed Amended Complaint in conjunction with seeking reconsideration of this Court's prior dismissal of their claims. The Court summarily denied leave to amend on the basis of futility after considering Plaintiffs' arguments for reconsideration.

[35] Docket No. 58, at 2.

trustee" under Utah law.  The majority of the factual allegations contained in Plaintiffs'

Complaint pertain to actions taken by ReconTrust and Bank of America.

The Court finds that the Matheson Defendants are, at most, ancillary defendants.

Consequently, the Court finds that Plaintiffs have failed to meet their burden to demonstrate that

the Matheson Defendants' alleged conduct forms a significant basis for the claims asserted by

the proposed class.

In an alternative argument, Plaintiffs assert that they should be allowed jurisdictional

discovery as to "[t]he actions of [the Matheson Defendants], their role in the underlying scheme

alleged in the complaint, and the relationship between Matheson and MMOJ and Recon[T]rust

and Bank of America, to establish the significance or their conduct as it relates to the claims

Plaintiffs have asserted."[36]  The plain language of § 1332(d)(4)(A)(i)(II)(bb) however

demonstrates the futility of discovery on this point.  That section states that the Court is to review

the local defendant's "alleged conduct" to determine whether "it forms a significant basis for the

claims asserted."[37]  Thus, under the plain language of the statute, the Court looks to Plaintiffs'

Complaint and the conduct alleged therein to evaluate this factor. [38]

3.    PRINCIPAL INJURIES

Plaintiffs argue that the principal injuries resulting from the Defendants' alleged conduct

incurred in the State of Utah.  Though Defendants assert that they do not concede Plaintiffs can

prove this point, Defendants do not provide any reasoned argument in support of their assertion.

---

[36] Docket No. 88, at 19.

[37] 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb).

[38] *See Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 157 (3d Cir. 2009) (holding that
the district court erred by not focusing its analysis on the alleged conduct and comparing it to the
alleged conduct of all of the defendants).

The allegations of Plaintiffs' Complaint provide that the allegedly unlawful foreclosures occurred within the State of Utah. From this alleged conduct, the Court can infer that the principal injuries suffered by Plaintiffs occurred within the forum. Therefore, Plaintiffs have met their burden on this element.

    4.    PRIOR CLASS ACTIONS

    The final element that must be met for the local controversy exception to apply requires that "no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons" during the three years prior to the filing of suit. The parties disagree as to whether this element is met.

    In dispute is *Coleman v. ReconTrust Co., N.A.*,[39] a case filed with this Court approximately eight months before the filing of the instant case. Plaintiffs do not dispute that *Coleman* is a class action suit, filed within the requisite 3-year time frame, which brought claims against a majority of the Defendants to this action. Rather, Plaintiffs contend that *Coleman* did not raise the same or similar factual allegations as those alleged in their Complaint.

    A review of the factual allegations contained in the complaint filed in *Coleman* belies Plaintiffs' contention. As has been discussed previously, in this case Plaintiffs bring six causes of action based on a central theme—that Defendant ReconTrust did not have authority to conduct trustee sales in Utah because it was not an authorized trustee under Utah law. Plaintiffs' factual allegations are focused on this theme.

    Similarly, the claims in *Coleman* focus on the authority of ReconTrust to conduct trustee sales in Utah. In paragraph 23 of their complaint, the *Coleman* plaintiffs stated that "[t]he

_____

[39] No. 2:10-CV-1099 DB (D. Utah filed Nov. 5, 2010).

Plaintiffs within the FDCPA Class and Utah Class have each been foreclosed upon and sometimes dispossessed from their homes by defendants acting through an entity, ReconTrust, which lacks authority to foreclose non-judicially because it lacks the power of sale under Utah law . . . ."[40]  Paragraph 31 summarizes their factual allegations as follows:

> Defendant Bank of America, and the other defendants, have regularly employed defendant ReconTrust, a national banking association whose powers are limited to performing as a trust company only, and regularly employ ReconTrust, to foreclose, as trustee with power of sale, trust deeds on Utah Realty. . . .  Such foreclosures are without authority and illegal because § 57-1-21(3), UCA (1953) limits the power of sale to Utah lawyers and title companies, denying it to trust companies.[41]

A comparison of the Complaint in this case and that in the *Coleman* case demonstrates that the two cases assert the same or similar factual allegations.  As such, the Court finds that Plaintiffs have not met their burden on this point.

The Court would also note that *Coleman* and the instant suit are only two in a series of similar actions challenging the authority of ReconTrust to conduct non-judicial foreclosure sales under Utah law.[42]  Indeed, the *Coleman* action is currently stayed pending the resolution of *Garrett v. ReconTrust Co., N.A.* on appeal, because "[t]he determinative issue in [*Coleman*] is identical to the issue in *Garret*—the authority of RecontTrust to act as trustee with the power of

---

[40] Complaint at 6–7, *Coleman v. ReconTrust Co., N.A.*, No. 2:10-CV-1099 DB (D. Utah Nov. 5, 2010).

[41] *Id.* at 8–9.

[42] *See Baker v. BAC Home Loans Servicing LP*, No. 2:11-CV-720 CW, 2012 WL 464024 (D. Utah Feb. 13, 2012); *Bell v. Countrywide Bank, N.A.*, 860 F. Supp. 2d 1290 (D. Utah 2012); *Garrett v. ReconTrust Co., N.A.*, No. 2:11-CV-763 DS, 2011 WL 7657381 (D. Utah Dec. 21, 2011); *Loomis v. Meridias Capital, Inc.*, No. 2:11-CV-363 PMW, 2011 WL 5844304 (D. Utah Nov. 18, 2011); *Cox v. ReconTrust Co., N.A.*, No. 2:10-CV-492 CW, 2011 WL 835893 (D. Utah Mar. 3, 2011).

sale."[43]  While the majority of these actions were filed after the instant suit, the prevalence of

such suits in federal court addressing this question regarding the interplay of state and federal

law demonstrates that this is not a controversy "consisting of primarily local, intrastate

matters."[44]

5.      SUMMATION

As Defendants properly argue, the elements of the local controversy exception are

enumerated in the conjunctive.  Plaintiffs' failure to establish any one of the elements results in

the inapplicability of the exception.  Plaintiffs have not met their burden to demonstrate three of

the four elements.  Therefore, the Court finds that the local controversy exception does not apply.

B.      HOME STATE EXCEPTION

The home state exception mandates that the Court decline CAFA jurisdiction if "two-

thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary

defendants, are citizens of the State in which the action was originally filed."[45]

For the same reasons provided previously, the Court finds that Plaintiffs have not met

their burden to demonstrate that two-thirds or more of the members of the proposed class in

aggregate are citizens of Utah.

The second part of the home state exception requires that the primary defendants in this

case be citizens of Utah.  Plaintiffs argue that this requirement is met here because the Matheson

Defendants are citizens of Utah.  "Although there is some disagreement regarding the definition

of 'primary,' most courts have construed the term 'primary Defendants' to mean all primary

---

[43] *Coleman*, 2:10-CV-1099 DB (D. Utah Aug. 28, 2010), ECF 136, at 2.

[44] *Coffey*, 581 F.3d at 1243 (citing S. Rep. No. 109-14, at 39 (2005)).

[45] 28 U.S.C. § 1332(d)(4)(B).

defendants."[46]  Here, the Court concludes that ReconTrust and Bank of America are primary

defendants.  It is undisputed that neither ReconTrust nor Bank of America are citizens of Utah.

Thus, even assuming that the Matheson Defendants are "primary defendants" for purposes of the

home state exception, Plaintiffs have failed to demonstrate that all of the primary defendants in

this case are citizens of Utah.

Based on the foregoing, the Court finds that Plaintiffs have failed to meet their burden to

establish that the home state exception applies in this case.

C.      DISCRETIONARY EXCEPTION

The discretionary interests of justice exception to CAFA jurisdiction is found in 28

U.S.C. § 1332(d)(3).  That section provides that

> [a] district court may, in the interests of justice and looking at the totality of the
> circumstances, decline to exercise jurisdiction under paragraph (2) over a class
> action in which greater than one-third but less than two-thirds of the members of
> all proposed plaintiff classes in the aggregate and the primary defendants are
> citizens of the State in which the action was originally filed based on
> consideration of--
> (A) whether the claims asserted involve matters of national or interstate interest;
> (B) whether the claims asserted will be governed by laws of the State in which the
> action was originally filed or by the laws of other States;
> (C) whether the class action has been pleaded in a manner that seeks to avoid
> Federal jurisdiction;
> (D) whether the action was brought in a forum with a distinct nexus with the class
> members, the alleged harm, or the defendants;
> (E) whether the number of citizens of the State in which the action was originally
> filed in all proposed plaintiff classes in the aggregate is substantially larger than
> the number of citizens from any other State, and the citizenship of the other
> members of the proposed class is dispersed among a substantial number of States;
> and

---

[46] *Reece*, 2013 WL 1342379, at *5 (comparing *Villalpando v. Exel Direct Inc.*, 2012 WL
5464620, at *8 (N.D. Cal. Nov. 8, 2012) with *Nicholson v. Prime Tanning Corp.*, 2009 WL
2900042, at *2 n.5 (W.D. Mo. Sept. 3, 2009)).

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

After considering these factors, the Court will decline to apply the discretionary exception. In so doing, the Court would note in particular (1) the fact that it is unclear at this point the percentage of the proposed class who are citizens of the State of Utah; (2) the primary defendants in this case are not citizens of Utah; (3) this matter involves claims of national importance, including the application and interpretation of the National Banking Act; (4) this matter will not be entirely governed by the law of the State of Utah—it also involves the application of federal law and potentially implicates the law of other states; (5) this class action was not plead in such a way as to avoid CAFA jurisdiction; and (6) in the 3-year period prior to the filing of this suit, a prior class action was brought bringing similar claims and multiple similar class actions have been brought in this forum since that time.

D.     JURISDICTIONAL DISCOVERY

In the event the exceptions to CAFA jurisdiction do not apply, Plaintiffs request that they be allowed brief jurisdictional discovery. This Court is vested with broad discretion in deciding whether to allow jurisdictional discovery.[47] "'A refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant. Prejudice is present where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'"[48]

---

[47] *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975).

[48] *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 103 (10th Cir. 2012) (unpublished) (quoting *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002)).

Here, Plaintiffs request brief jurisdictional discovery as to the actions of the Matheson Defendants and the numerosity and makeup of the proposed putative class. As indicated previously, those elements of the CAFA exceptions that evaluate the conduct of the Matheson Defendants do so only in the context of the allegations of Plaintiffs' Complaint. Further, even if Plaintiffs were able to establish the percentage of the proposed class that were citizens of the State of Utah at the time of removal, it would be unable to establish the remaining elements required to qualify for the exceptions to CAFA jurisdiction. Because the CAFA exceptions require Plaintiffs to prove all of the elements in the conjunctive, the jurisdictional discovery sought by Plaintiffs would not impact the Court's decision in this case and would be futile.

Based on the foregoing, the Court finds that Plaintiffs will not be prejudiced if denied the opportunity to conduct jurisdictional discovery. Therefore, the Court will deny Plaintiffs' request for jurisdictional discovery.

E.      COMITY

Plaintiffs argue that "even if it finds that there is a statutory basis for jurisdiction," the Court should decline to hear this action based on principles of comity because "this case presents issues of Utah law that have already been decided by Utah's highest court."[49] In support of their argument, Plaintiffs rely on language from a recent United States Supreme Court case, *Levin v. Commerce Energy, Inc.*,[50] for the proposition that lower federal courts should resist engaging in certain cases that fall within their jurisdiction but that implicate state functions.[51] That case, however, bears very few similarities to the case before this Court. In *Levin*, the Court was

---

[49] Docket No. 88, at 18.

[50] 560 U.S. 413 (2010).

[51] *See* Docket No. 88, at 17.

presented with a federal suit claiming that a state taxing scheme was unconstitutional. In contrast, here, the issue is whether a state statute is preempted by a federal statute and regulating scheme. The interests at issue here vary dramatically from those before the Court in *Levin*.

To the extent Plaintiffs argue that the Court should decline to hear this case because the Utah Supreme Court reached this issue in *Federal National Mortgage Ass'n v. Sundquist*,[52] the Court is not persuaded. "'It is beyond cavil that [federal courts] are not bound by a state court's interpretation of federal law.'"[53] Further, principles of comity do not support declining jurisdiction where the same issue raised in this appeal has already been addressed by this Court and, subsequent to *Sundquist*, by a panel of the Court of Appeals for the Tenth Circuit in *Garret v. ReconTrust Co., N.A.*[54]

For these reasons, the Court finds that principles of comity do not justify declining the exercise of jurisdiction in this case.

F.     MOTION TO TRANSER

Defendant ReconTrust seeks to transfer a related case—*Allred v. ReconTrust Co. N.A.*, Case No. 2:13-CV-1124 BJ—to this Court. DUCiv R 83-2(g) provides for the transfer of a later filed related case to be heard by a district court judge hearing a related earlier filed case. The rule provides a number of factors that the Court may consider in evaluating whether to transfer a related case.[55] While many of those factors, on their face, appear to support a transfer in this

---

[52] 311 P.3d 1004, 1012–14 (Utah 2013).

[53] *Wilder v. Turner*, 490 F.3d 810, 814 (10th Cir. 2007) (quoting *Grantham v. Avondale Indus., Inc.*, 964 F.2d 471, 473 (5th Cir. 1992)).

[54] 546 F. App'x 736 (10th Cir. 2013) (unpublished).

[55] *See* DUCivR 83-2(g)(i)–(vii).

instance, the Court finds that Defendant ReconTrust's Motion has been filed for an improper purpose.

A majority of the judges of this Court have now heard cases bringing claims similar to those brought in the instant suit. This includes the Honorable District Court Judge Bruce Jenkins, who is now assigned to hear the *Allred* case. Thus, there is no efficiency to be gained by having this matter heard by this Court. Furthermore, a transfer of the *Allred* matter will not prevent inconsistent outcomes, as inconsistent outcomes have already been reached. Rather, ReconTrust's Motion appears to be an example of judge shopping—a maneuver that this Court will not condone.

The Court will deny ReconTrust's Motion to Transfer.

### III.  CONCLUSION

Based on the foregoing, the Court hereby

FINDS that it has jurisdiction over this case pursuant to the Class Action Fairness Act. It is further

ORDERED that Defendant ReconTrust's Motion to Transfer (Docket No. 97) is DENIED. The Clerk of Court is instructed to close this case forthwith.

DATED this 25th day of April, 2014.

BY THE COURT:

TED STEWART
United States District Judge