IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICHARD DUTCHER and GWEN DUTCHER, RUCHARD FERGUSON and MICHELLE FERGUSON; and CATHERINE RICHARDS AHLERS, on their own behalf and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>STUART T. MATHESON; MATHESON MORTENSON, OLSEN & JEPPSON, P.C.; RECONTRUST COMPANY N.A.; BAC HOME LOANS SERVICING LP; AND BANK OF AMERICA, N.A.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br>Case No. 2:11-CV-666 TS |

This matter is before the Court on Plaintiffs' Motion to Alter or Amend Judgment and the State of Utah and Sean D. Reyes's (the "State of Utah") Motion to Intervene or Otherwise be Heard.[1] Also before the Court is Plaintiffs' Motion to Extend Time.[2] For the reasons discussed more fully below, the Court will grant Plaintiffs' Motion to Extend, deny Plaintiffs' Motion to Alter or Amend Judgment, and deny the State of Utah's Motion to Intervene.

---

[1] Docket Nos. 105, 107.

[2] Docket No. 112.

1

I.  BACKGROUND

Plaintiffs are Utah residents whose homes have been subject to foreclosure sales performed by Defendants in Utah.  Plaintiffs originally filed the instant suit in Utah state court on June 24, 2011.  Defendants subsequently removed the action to this Court and collectively moved to dismiss Plaintiffs' claims.  Plaintiffs moved for a temporary restraining order and preliminary injunction and also sought to remand this matter to state court.  In a memorandum decision entered February 8, 2012, this Court denied Plaintiffs' motions and granted Defendants' motion to dismiss.[3]  In that decision, the Court concluded that the Utah foreclosure statute at issue—Utah Code Ann. § 57-1-21—was preempted by the National Banking Act.

Plaintiffs appealed the Court's ruling.  On appeal, the Tenth Circuit stated that "[a]lthough this case presents significant questions regarding the interaction of federal banking and state foreclosure laws, our focus is upon a more fundamental question: whether the district court even had jurisdiction to consider the issues raised."[4]  The Tenth Circuit concluded that, "on the limited record presented," this Court "erred in determining it had jurisdiction to hear this case."[5]  Because they could not "affirm [this Court's] jurisdictional ruling," the Tenth Circuit vacated this Court's prior rulings and remanded "with instructions for the district court to determine whether it has jurisdiction to act and, relatedly, to rule in the first instance whether the Class Action Fairness Act provides jurisdiction."[6]

---

[3] *See* Docket No. 48.

[4] *Dutcher v. Matheson*, 733 F.3d 980, 983 (10th Cir. 2013).

[5] *Id.*

[6] *Id.* at 990.

## II.  DISCUSSION

A.  MOTION TO EXTEND TIME

On June 13, 2014, Plaintiffs moved for an extension of time to file their reply memorandum in support of their Motion to Alter or Amend Judgment.  Plaintiffs requested a two-day extension of the briefing deadline because of complications in counsel's schedule.  Plaintiffs filed their reply on June 17, 2014.  Defendants have not responded or otherwise opposed Plaintiffs' Motion to Extend.  In light of this non-opposition, the Court will grant Plaintiffs' Motion and will consider the reply.

B.  MOTION TO ALTER OR AMEND JUDGMENT

Plaintiffs seek to alter or amend the judgment in this case pursuant to Federal Rule of Civil Procedure 59(e).  The Tenth Circuit has stated that the following grounds warrant a motion to reconsider under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[7]  Here, Plaintiffs argue that amendment is necessary to correct clear error and prevent manifest injustice.

Plaintiffs' Motion turns on the proper interpretation of the Tenth Circuit's mandate in this case.  "The mandate rule requires a district court to 'comply strictly with the mandate rendered by the reviewing court.'"[8]  "The mandate consists of [the Tenth Circuit's] instructions to the district court at the conclusion of the opinion, and the entire opinion that preceded those

---

[7] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[8] *Thompson v. Colorado*, 60 F. App'x 212, 215 (10th Cir. 2003) (unpublished) (quoting *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001)).

instructions."⁹ "[W]hile a district court is 'bound to follow the mandate, and the mandate controls all matters within its scope, a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal.'"¹⁰

Plaintiffs interpret the Tenth Circuit's mandate as requiring that this Court readdress the merits of Plaintiffs' claims. According to Plaintiffs, the Tenth Circuit's use of the word "vacate" in the mandate nullified or canceled this Court's prior orders and returned the parties to their original position.¹¹ While this argument finds some support in the literal definition of the word vacate,¹² this Court is not persuaded that the Tenth Circuit's mandate should be read so broadly.

At the outset of the mandate, the Tenth Circuit made clear that their focus was on jurisdiction, rather than the merits of Plaintiffs' case. In the body of the mandate, the Tenth Circuit limited their discussion to jurisdictional issues and declined to address the merits of Plaintiffs' claims. Further, the conclusion of the mandate makes clear that the vacateur of this Court's prior rulings came only because the Tenth Circuit could not affirm this Court's jurisdictional ruling. The Tenth Circuit then specifically remanded this matter "with instructions for [this Court] to determine whether it has jurisdiction to act and, relatedly, to rule in the first instance whether the Class Action Fairness Act provides jurisdiction."¹³

Based on this language, the Court reads the Tenth Circuit's mandate as being limited to a determination of whether this Court had jurisdiction to consider Plaintiffs' claims in the first

---

⁹ *Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1126 (10th Cir. 2003).

¹⁰ *Thompson*, 60 F. App'x at 215 (quoting *Proctor & Gamble*, 317 F.3d at 1126–27).

¹¹ *See* Docket No. 107, at 3.

¹² *See Black's Law Dictionary* 1546 (7th ed. 1999) (defining vacate as "[t]o nullify or cancel; make void; invalidate").

¹³ *Dutcher*, 733 F.3d at 990.

4

instance. Since this Court determined that CAFA jurisdiction applies, the purposes of the mandate have been met. It is for this reason that the Court ordered that judgment be entered in this case, thereby enabling the parties to litigate the merits of Plaintiffs' claims on appeal.

In any event, to the extent there is any ambiguity in prior orders, the Court hereby re-adopts its prior dismissal rationale in full. With the finding of CAFA jurisdiction, the parties may now pursue their arguments as to the merits of Plaintiffs' claims on appeal.

C. MOTION TO INTERVENE

The State of Utah's Motion to Intervene is premised on the same argument as Plaintiffs' Motion to Alter or Amend—that this Court acted contrary to the mandate by closing this case. According to the State of Utah, the Court should reopen the case, allow it to intervene, and consider at this stage of the litigation its Complaint in Intervention.[14] For the same reasons provided previously, the Court finds that the mandate does not dictate such a result. Because it will not reopen this case or readdress the merits of Plaintiffs' arguments, the Court once more finds that the State of Utah's Motion to Intervene is untimely.[15] The Court will therefore deny the State of Utah's Motion.

III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiffs' Motion to Extend Time (Docket No. 112) is GRANTED. It is further

---

[14] Docket No. 105 Ex. 1.

[15] *See* Docket No. 70, at 4 (denying the State of Utah's motion to intervene filed nearly one month after judgment was entered in this case as untimely under Federal Rule of Civil Procedure 24(a) and (b)).

ORDERED that Plaintiffs' Motion to Alter or Amend Judgment (Docket No. 107) is DENIED. It is further

ORDERED that the State of Utah's Motion to Intervene or Otherwise be Heard (Docket No. 105) is DENIED.

DATED this 3rd day of July, 2014.

BY THE COURT:

_____
TED STEWART
United States District Judge